THE JOHN T. STEWART ESTATE (INCORPORATED), *Appellee*, v. JOHN FALKENBERG, *Appellant.*

No. 16,443.

SYLLABUS BY THE COURT.

1. JOINDER OF CAUSES OF ACTION—*Reformation and Enforcement of Chattel Mortgage.* Where a chattel mortgage is intended by the parties thereto to run to the administrator of a deceased person, but by mistake the grantee is described as the deceased person, the instrument may be corrected and reformed in the same action in which it is sought to be enforced.

2. PARTIES—*Action to Reform and Enforce Chattel Mortgage.* In an action brought to reform a chattel mortgage, and to enforce the same by a judgment against a third party for the proceeds of the sale of property included in the mortgage, the makers of the instrument are proper parties defendant.

3. ——— *Appeal and Error—Disclaimer in Trial Court.* In such an action, where the mortgagors enter their appearance and file a written consent that the mortgage may be reformed, but take no part in the other proceedings in the case, they are not necessary parties to an appeal in this court by the defendant against whom judgment for the value of the property is rendered.

4. ——— *Foreign Corporation.* By the provisions of chapter 153 of the Laws of 1903 (Gen. Stat. 1909, § 1907) a foreign corporation holding a mortgage on real or personal property in this state may maintain an action to enforce the same without being authorized to engage in business within the state.

5. EVIDENCE—*Transactions with Persons Since Deceased.* A witness is not incompetent under section 322 of the old code

Stewart v. Falkenberg.

(Gen. Stat. 1901, § 4770; Code 1909, § 320) in a case where the adverse party is the assignee of the administrator of an estate.

Appeal from Sumner district court; CARROLL L. SWARTS, judge.· Opinion filed June 11, 1910. Affirmed.

*F. A. Dinsmoor, James Lawrence,* and *Levi Ferguson,* for the appellant.

*Ed T. Hackney,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: This was an action to reform a chattel mortgage covering eighty acres of wheat and to enforce the same by recovering a judgment for the proceeds of the wheat. John T. Stewart, of Sumner county, died September 1, 1905, and F. M. Borders was appointed as administrator. The mortgage was executed October 9, 1905, by Tom Shipp and his wife, and covered wheat just sown. It ran to John T. Stewart, but was given to F. M. Borders, the administrator, and it is claimed that by inadvertence it was made to read to John T. Stewart instead of F. M. Borders, the administrator.

About the time the mortgage was executed Falkenberg obtained a judgment against Tom Shipp before a justice and levied an execution upon the wheat. He purchased the same· at sheriff's sale, and afterward harvested the crop and retained the proceeds. Afterward a company was organized under the laws of the state of Nevada, known as the John T. Stewart Estate (Incorporated), which claims to have bought the mortgage from Borders, administrator. The company brought this action against Falkenberg to enforce the mortgage and recover the proceeds of the wheat, and made Shipp and wife defendants for the purpose of reforming the chattel mortgage by having it run to F. M. Borders, administrator. Falkenberg demurred

37—82 KAN.

to the petition on the ground that the plaintiff had no legal capacity to sue; that there was a defect of parties defendant, and that several causes of action were improperly joined. The demurrer was overruled. Tom Shipp and wife appeared in the action, but made no defense, filing an answer consenting to the reformation of the mortgage. There was a trial and a decree reforming the mortgage, and judgment rendered against Falkenberg for $239, the value of the wheat. He appeals.

There is a motion to dismiss the appeal on the ground that Tom Shipp and Mary Shipp were not made defendants in error, were never served with summons, and have never entered an appearance in this court. Section 2 of chapter 278 of the Laws of 1901 (Civ. Code, § 542a; Gen. Stat. 1901, § 5020) provides that it shall not be necessary to make any person a party to the petition in error who did not appear at the trial and take part in the proceedings from which the appeal is taken or who shall have filed a disclaimer in the district court, and further provides that anyone who was a party to the action in the district court may be made a party here where it appears that he might be affected by a reversal of the judgment from which the appeal was taken. The motion to dismiss can not be sustained. The Shipps appeared in the action below and filed what amounted to a disclaimer. They consented that judgment might be rendered against them reforming the instrument. In the further proceedings in the case they had no real interest. The reversal of the judgment would not affect their rights. True, it is urged that they would be affected by a reversal because they are interested in having the proceeds of the wheat applied in satisfaction of their mortgage; and it is said that if the plaintiff should lose the proceeds of the wheat by a reversal of the judgment Mary Shipp, who signed the mortgage in the capacity of surety for Tom Shipp, will be liable for the

debt. But, in order to make them necessary parties here, it must appear that a reversal of the judgment would itself affect their rights. Their rights can not be directly affected by a reversal of the judgment against Falkenberg for the proceeds of the wheat. They took no part in the proceedings to enforce the mortgage as against him, and no judgment was sought against them except to reform the mortgage, a mere formal matter to which they consented. They are not in any sense parties to the judgment which is sought to be reversed, and can only be indirectly affected by its reversal.

On the merits of the case we are unable to find anything substantial in the claims of error. There was no misjoinder of causes of action. It was an action to reform a mortgage and enforce it. Under the liberal provisions of the code a written instrument can always be reformed in the same action in which it is sought to be enforced. (*Miller v. Davis*, 10 Kan. 541.)

Nor is it necessary that each and all of the defendants should be affected alike in an action to enforce a mortgage. Parties are made defendants to actions of this character against whom no personal judgment can be taken and against whom not even a judgment for costs can be entered, but they are necessary parties because their rights are affected.

There is no force in the objection that the plaintiff had no right to maintain the action. It appears from the evidence that the plaintiff is a foreign corporation engaged in loaning money on real and personal property in this and other states, and in order to maintain an action to enforce its securities it is not required to be authorized to engage in business in the state. (Laws 1903, ch. 153; Gen. Stat. 1909, § 1907.)

Complaint is made because Shipp was permitted to testify. It is claimed that he was incompetent under section 322 of the code of civil procedure (Gen. Stat. 1901, § 4770; Code 1909, § 320.) This is not a case

where the adverse party is an executor, administrator, heir at law or an assignee of a deceased person. The plaintiff is the assignee of the administrator. Besides, Shipp was not testifying as a party in his own behalf, although he was interested indirectly in the result of the action.

Most of the other objections are based upon the theory that the cause of action was one in tort for the conversion of the wheat. It was, in fact, an action to enforce the mortgage. As the purchaser and holder of the mortgage the plaintiff could enforce the same either by foreclosing it or by an action to recover the proceeds of the property included in the mortgage, and could waive the tort and recover upon the implied contract to pay the value.

The liability of the defendant did not depend upon the precise date when he sold the wheat, if the sale occurred while the mortgage was a lien upon it.

The other claims of error are not deemed of sufficient importance to require comment. No error appears in the record, and the judgment is affirmed.