VAN ABEL, Respondent, v. WEMMERING, Appellant.

(146 N. W. 697.)

1. Trial—Specific Performance—Description of Land—Amendment of Complaint and Contract—Surprise—Authority of Court.

Where, in a suit for specific performance, both the contract and the complaint described the land as situated in township 113, it being in fact located in township 112, the mistake being discovered at beginning of trial, held, that the allowance, without terms, of an amendment to complaint changing the number of the township, and by adding a clause for reformation of contract, was not erroneous, as against objection of defendant, who at and long prior to date of contract was in possession of the land, that he was surprised by the amendments and not prepared to meet the issue thereunder.

2.  **Error—Amending Pleadings—Continuance—Abuse of Discretion.**
    The granting of amendments to pleadings, the terms incidental thereto, and the granting of continuances by reason thereof, are within discretion of trial court, and are reversible on appeal only in case of clear abuse of discretion.

3.  **Continuance—Amending Pleading—Error Without Prejudice.**
    The court, upon allowing at the beginning of trial an amendment to complaint, will not grant a continuance by reason thereof, unless defendant's rights would, in some manner, be prejudiced by proceeding to trial.

4.  **Specific Performance—Vendee's Refusal of Deed—Vendor's Subsequent Mortgage—Abandonment of Performance.**
    Where a vendee under a contract calling for a deed and part payment on a specified date, refused vendor's tender of deed on that date, stating he would have nothing to do with deed or abstracts of title, held, that, while such refusal did not amount to a repudiation of the contract, yet the placing of a mortgage on the land by vendor thereafter will be deemed an abandonment by him of strict equitable performance by both parties, so as to defeat specific performance.

(Opinion filed April 13, 1914.)

Appeal from Circuit Court, Hyde County.   Hon. JOHN F. HUGHES, Judge.

Action by John Van Abel against G. F. Wemmering, to enforce specific performance of a contract for sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed and remanded, with directions.

*M. C. Cunningham,* and *A. W. Wilmarth,* for Appellant.

The defendant was greatly surprised by this amendment, and insisted that he was unable to proceed with the trial at that time, and asked the court for a continuance over the term, with proper terms, on the condition of allowing the amendment, on the grounds, that up to the time the amendment was allowed, the plaintiff could not recover in this action, and that the defendant should have his costs up to that time, and the court having allowed the amendment, the defendant insisted that he have reasonable terms as provided by statute.

The demand for terms and costs up to the time the amendment was allowed should have been granted.   Frisbie v. Averell, 33 N. Y. S. 1021;  Abbotts Trial Brief and Pleadings, pp.

1212 and 1865; Jennings v. Sheldon, 53 Mich. 431; Rugg v. Basset, 101 Mich. 441, (59 N. W. 645); Miller v. Billington, 184 Pa. 583, (39 Atl. 494); Wilmington v. Addicks, 43 Atl. 297 (Del.); Bates v. Salt Springs Nat. Bk., 43 App. Div. 321, 60 N. Y. Supp. 313.

Upon the claim of surprise, and statement of not being prepared for trial, backed by the affidavits of defendant and both his attorneys, it was error of the trial court to refuse him a continuance. Abbott's Trial Brief on Pleadings, Vol. 2, p. 1601; Vol. 31, Cyc., p. 391; Vol. 9, Cyc., p. 122; Jennings v. Sheldon, 53 Mich. 431; Lester v. Thompson, 91 Mich. 245, (51 N. W. 894); Eldridge v. Young A. M. Co., 67 Pac. 705 (Wash.); Travis v. Peabody Ins. Co., 28 W. Va. 583; Thompson v. Calidonia Ins. Co., 92 Wis. 664, (66 N. W. 801.)

The court erred in only granting time from half past five on the 19th day of December to the opening of court at ten o'clock on December 20th, in which to prepare his answer to the complaint as amended by plaintiff. 31 Cyc. 379; Abbott's Trial Brief on Pleadings, Vol. 2, p. 1601; St. Louis Ry. Co. v. Powers, 67 Ark. 142, (53 S. W. 572); North v. York, 12 Montg. Co. L. Rep. 211.

This mortgage of which the release is offered, destroyed the tender of March 1, 1912. Vol. 38, Cyc., note at p. 160; Brooklyn Bank v. DeGraw, 23 Wend. 342, 25 Am. Dec. 569.

The making of this mortgage on March 2, 1912, was a violation of the contract made between John Van Abel and G. F. Wemmering, and entitled Mr. Wemmering to rescind this contract, and to recover back the money that he had advanced. Vol. 39, Cyc., p. 1645, and cases there cited; James v. Burchell, 82 N. Y. 108.

The refusal which will release a party from an obligation of tender, to put another in default, must be absolute and unequivocal, accepted as such by the party whose duty it is to make a tender before bringing suit, and not ignored or waived by subsequent action on his part, which indicates that he did not understand the other party to have refused to comply with the contract. Benjamin on Sales, 7th Ed., section 568; Smoot's case, 15 Wall. No. 36 (21-117); Dangley v. Oler, 117 U. S. 490 (29-984); Swiger v. Hayman, 56 W. Va. 123.

The refusal was not final, positive or absolute, and no fair legal inference can be drawn from the position of defendant, that a tender to the right land would have been futile. Beiseker v. Amberson, 116 N. W. 94 (N. D.); Eddy v. Daris, 116 N. Y. 247.

The breach of one party to a contract may be treated by the other as an abandonment of the contract, authorizing him, if he chooses to do so, to disaffirm it; and thus the assent of both parties to the rescission of the contract is sufficiently manifested. Banister v. Reed, 1 Gill. 99; Baston v. Clifford, 68 Ill. 67, 18 Am. Repts. 547.

The findings of fact to sustain the conclusions herein, that defendant would not stand for said contract, and that he repudiated the same, are not warranted by the evidence.

*Boucher, O'Brien, Johnson & Auldridge,* for Respondent.

In his answer to the amended complaint made in open court, the defendant again specifically alleged that he had repudiated and abandoned the contract on the next day after it was made.

This eliminates any question as to the technical validity of the tender or offer of performance made by the plaintiff. to the defendant.

The existence of incumbrances amounting to less than the purchase price is no bar to an action by vendor to enforce performance as they can be paid out of the price. Guild v. Atchison Ry. Co. (Kan.) 57 American State, 312.

McCOY, J. Equity action by vendor to compel purchaser to specifically perform a contract by accepting deed to and paying for certain real estate. Findings and judgment were in favor of plaintiff and defendant appeals.

[1-3] Defendant, appellant, assigns as error certain rulings of the court in relation to the amendment of the complaint. There was a specific contract entered into between plaintiff and defendant, which contract described the lands as being situated in township 113. The original complaint also described the lands as being in township 113. As a matter of fact said lands intended to be described were situated in township 112. The mistake was discovered at the time of the beginning of the trial, and plaintiff asked permission of the court to amend the complaint by changing the number of the alleged township from 113 to 112, and also

to amend by adding a clause to have said contract reformed so as to change the number of the township stated in the contract from 113 to 112. The court permitted the amendment without terms, and refused to allow defendant thirty days in which to prepare and serve answer to the amended complaint, and also refused to continue the cause over the term on affidavits of defendant and his counsel stating that they were surprised by such amendment and were not prepared to meet the issues presented by the amended complaint. We hold that all these rulings of the learned trial court were proper, and that there was no error therein. It appears that the defendant, at the time the contract was made and for a long time prior thereto, was residing upon the very land intended to be described in said contract, and which was the subject of said contract of sale. It would be impossible for a defendant, or his attorneys, by affidavit to swear hard and strong enough to convince any honest court, under such circumstances, that such defendant, or his attorneys, were surprised by reason of such an amendment, or that he was entitled to a continuance over the term by reason thereof. Such amendments, and the question of terms, and the granting of continuances by reason of such amendments, are all matters within the discretion of the trial court, and are only reversible on appeal when there has been a clear abuse of judicial discretion. Every attorney knows and has notice in advance what the powers of the trial court are to permit such amendments, and that continuances will not be granted by reason thereof unless the rights of the opposite party would in some manner be prejudiced by proceeding with the trial. Nothing of that character appears in this case. The mistake sought to be corrected by the amendment was a clerical error only. The defendant all the time knew just what land was the subject of the contract. All the changes in the original answer, occasioned and made necessary by the amendment permitted, could very easily have been made, by any ordinary attorney, within a very few minutes.

[4] The contract upon which respondent bases his right to specific performance, in substance, provided that, on the 1st day of March, 1912, respondent, as the owner, would convey the title to said land to appellant, as purchaser, in consideration of the sum of $10,875.90, to be paid as follows: $250.00 on the execution of

the contract; $3,380.00 by assuming a mortgage incumbrance to that amount then upon said land; $7,245.90 cash on the 1st day of March, 1912. The contract was entered into on the 11th day of August, 1911. The next day following appellant went to respondent and expressed a desire to be released from said contract—asked respondent what he would take to release him and cancel the contract—said he would give respondent $100.00 if he would release him. Respondent refused to consider the proposition to release appellant or cancel the contract, and nothing more was said between them until March 1, 1912. The court made a finding of fact that on the day following the execution of the contract appellant notified respondent that he would not stand for the contract—that is, repudiated it and would not be bound thereby. We are of the view that this finding is not supported by the evidence. On the 1st day of March, 1912, respondent tendered to appellant a warranty deed of title to said lands together with abstracts showing good title in respondent. Appellant refused to accept said deed and abstracts, but assigned no reason therefor, although he stated that he would have nothing to do with them. Respondent then took said deed and abstracts away with him. At the time of so tendering said deed and abstracts respondent served upon appellant a written tender thereof, and made written demand upon appellant for the payment of $7,245.90 under the terms of said contract; all of which was refused by appellant. It appears from the evidence, and the court so found, that on the 2nd day of March, 1912, after the making of said tender and demand and refusal of appellant to receive said deed and to make said payment, respondent executed and delivered an additional mortgage for $3,100.00 upon said premises, as the owner thereof. It appears that at the time of the trial a satisfaction of this $3,100.00 mortgage, signed by the mortgagee, was offered and received in evidence, but it also appeared that the said mortgage had not as a matter of fact been paid, and that the satisfaction was delivered only for the purposes of the trial and to be held by the clerk of court to abide the event of the judgment. The judgment and decree provided that the said mortgage should be satisfied from the amount of the purchase money to be paid by appellant, and upon such payment only should said satisfaction paper be delivered. At the close of all the evidence appellant moved the

court to dismiss plaintiff's cause of action, on the ground, among others, that plaintiff should be estopped to maintain this action for the reason that on the 2nd day of March, 1912, he made and executed a mortgage for $3,100.00 on said land as the owner thereof. Appellant also requested the court to find as a conclusion of law that respondent is not entitled to a decree for specific performance of said contract, which was refused, and to which appellant excepted. It is now urged that the trial court erred as a matter of law in not finding that respondent was not entitled to a decree for the specific performance of said contract. It is the contention of appellant that the giving of said mortgage on March 2, 1912, by respondent, as owner of said land, was in violation of the terms of said contract, and had the legal effect of abandoning the right of respondent to specific performance. We are of the view that this contention is well founded. In resorting to the harsh remedy of specific performance, the respondent, in theory, is saying to the court that, by virtue of the provisions of said contract, and the tender of a deed under the terms thereof, the appellant on the 1st day of March, in right and in justice, became the owner of said lands, but has refused to accept such ownership, and I demand that the strong arm of the law compel him to become such owner by specifically performing said contract. Respondent is proceeding upon the theory that appellant became and should be held to be the owner of said land, from and after the 1st day of March, 1912. After the 1st day of March any voluntary acts of ownership on the part of respondent, solely for his benefit, were inconsistent with the theory of specific performance, and in violation of the right to such remedy. A vendor may destroy his equitable right to enforce the contract by such remedy by conduct inconsistent with its terms and injurious to the vendee. Where the vendee gives notice, or by his acts indicates, that he will not be bound by the contract, and the vendor thereafter gives notice, or by his conduct performs acts inconsistent with his equitable right to enforce such contract, it will be deemed abandonment of strict equitable performance by both parties, so as to defeat specific performance. Pomeroy, Contracts, §§ 425 and 426; Knatchbull v. Grueber, 3 Meriv. 124, 16 Eng. Reprint, 48; 39 Cyc. 1388 and 1645; James v. Burchell, 82 N. Y. 108. The giving of a mortgage on March

2d was exercising ownership over said land inconsistent with the right to specific performance, and was an apparent acquiescence in the refusal of the appellant to accept the deed, or to be further bound by the contract. It was equivalent to notice to appellant, by respondent, that he also would not be bound by the terms of said contract. The giving of said mortgage was injurious to the rights of appellant in this, that after appellant had notice that respondent thus acquiesced in his refusal to accept the deed, appellant was at liberty to and might change his financial situation relying upon such acquiescence and abandonment on the part of respondent, and it therefore became immaterial, at the time of the trial, whether said mortgage was then satisfied or not. It was the act of thus exercising ownership, at a time inconsistent with ownership in respondent, that destroyed the right to the remedy of specific performance. No opinion is herein expressed as to the legal rights of the parties in relation to said contract. The views herein expressed relate solely to the right and remedy of specific performance as applied to the particular circumstances of this case.

The judgment and order appealed from are reversed, and the cause remanded with directions to enter judgment on the findings in favor of defendant.