CASTLE, Respondent, v. GLEASON et al., (Gleason, Appellant).

(150 N. W. 895.)

(File No. 3666.   Opinion filed February 3, 1915.)

**1.  Action—Joinder of Causes—Reformation of Mortgage—Conversion—Equity Pleading—Relief—One Cause of Action.**

Where plaintiff sued a lessee, and joined another who was alleged to have converted crops covered by the lease, seeking to reform a chattel mortgage which, by mistake, purported to cover crops to be grown in 1912 instead of 1911, and to recover from the other defendant the value of the crops converted, **held**, that the complaint did not improperly join a cause of action at law for the conversion with another in equity against both defendants for reformation of the mortgage; that one cause of action only was alleged, viz., the reformation and enforcement of a contract.

**2.  Trial—Right to Jury Trial—Reformation and Enforcement of Contract—Equity Jurisdiction—Constitutional Law.**

A defendant, joined with another for the purpose of reformation and enforcement of a chattle mortgage on crops given to plaintiff by the other defendant, and to recover from defendant for conversion of part of the crops, is not entitled to a jury trial; the reformation of a contract being subject of equitable jurisdiction, and a court of equity, having taken jurisdiction of a cause for that purpose, should proceed to give the relief to which the parties are entitled; and the refusal of trial court to allow the defendant joined for the conversion a jury trial was not violative of the constitutional provision.

Appeal from Circuit Court, Union County.   Hon. JOSEPH W. JONES, Judge.

Action by W. D. Castle against John Gleason and Jonas Warren, for reformation of a chattel mortgage on crops, and for recovery against Gleason for conversion of part of the crops. From a judgment for plaintiff, and from an order denying a new trial, defendant Gleason appeals.   Affirmed.

*Gantt & Ellis,* for Appellant.

*Thomas McInerny,* and *French & Orvis,* for Respondent.

(1) Under point one of the opinion, Appellant cited: 11th A. & Eng. Enc. of Law, p. 1015G, 1st Ed., citing Peyton v. Rose, 4 Mo. 257; Jones v. Moore, 42 Mo. 213; Curd v. Lackland, 43 Mo. 139; Keens v. Gaslin, 24 Neb. 310; Harrison v. Juneau Bank, 17 Wis. 341; Sec. 144, Code Civ. Proc.; Morse v. Wormington, (N. D.) 79 N. W. 441; 97 N. W. 748 (S. D.).

Respondent cited: Pomeroy on Code Remedies, Secs. 452 to 463; John T. Stewart's Estate v. Falkenberg, (Kans.) 109 Pac. 170; Bliss on Code Pleadings, Sections 159-171.

(2) Under point two of the opinion, Appellant cited: Constitution, Art. 6, Sec. 6; Belath v. Pierce, 8 S. D. 456, 66 N. W. 1088; City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947; Sussenbach v. First National Bank, (Dak). 41 N. W. 662; Davidson v. Associates of Jersey Co., 71 N. Y. 333; Bradley v. Aldrich, 40 N. Y. 504; 12 Enc. Pl. & Pr. 239.

Respondent cited: Section 6 of Art. VI, Sec. 244, Code Civ. Proc.; 24 Cyc., pp. 109, 112, 116, 117; Keith v. Henkleman, 68 Ill. App. 623, 50 N. E. 692; Imperial Shale Brick Co. v. Jewett, 62 N. E. 167; McBride v. Stradley, (Ind.) 2 N. E. 358; Home Ins. Co. of New York v. Virginia Carolina Mechanical Co., 109 Fed. 681; Kimball v. Connor, 3 Kans. 414; Sec. 114, 166, Bliss on Code Pleading; Avery Mfg. Co. v. Smith, (N. D.) 103 N. W. 410; Leisch v. Baer, 24 S. D. 184.

GATES, J., In the case of Castle v. Gleason, 31 S. D. 590, 141 N. W. 516, a decision was rendered by this court reversing the judgment of the trial court for that the error in a chattel mortgage, purporting to be given upon crops to be grown in 1912 instead of the year 1911, was held not to be a clerical error. It was also held in that case that a reformation of the mortgage should have been sought. Upon the return of that proceeding to the trial court, that action was dismissed, and the present action was begun against Gleason and Jonas Warren, the mortgagor, alleging a written lease between Warren and the plaintiff as well as the chattel mortgage, and seeking to have the mortgage reformed so as to cover the 1911 crops instead of the 1912 crops, and for the recovery from Gleason of the value of the corn alleged to have been converted by him. The action was tried by the court, but special issues were submitted to a jury which found that Gleason converted the corn, the value thereof, and that he then had knowledge of the existence of plaintiff's mortgage. The trial court adopted the special verdict of the jury and made findings of fact and conclusions of law favorable to plaintiff. From the judgment rendered thereon and from an order denying a new trial, defendant appeals.

Upon the trial it appeared from the evidence that the lease,

for the payment of the rent under which the chattel mortgage was given, was in writing and contained a provision that the title to all crops should remain in the lessor until division thereof. Had that fact appeared upon the record of the former appeal, under appropriate pleadings, the judgment in that case would have been affirmed upon the authority of Savings Bank v. Canfield, 12 S. D. 330, 81 N. W. 630, and Dobbs v. Atlas El. Co., 25 S. D. 177, 126 N. W. 250. It is now urged by appellant that the title to the crops being in the lessor there was nothing to mortgage, that therefore there was no need of reformation of the mortgage, and that plaintiff's remedy was at law. The cases above cited would seem to be authority for that contention, but this point does not appear to have been brought to the attention of the trial court, nor do the assignments of error properly raise that question.

[1] The principal objection urged by appellant in the trial court and in this court was that two causes of action were improperly united, viz., one at law against Gleason for conversion; the other in equity against both defendants for are formation of the mortgage and that appellant's constitutional right to have a jury trial has been infringed. We think appellant's contention is unsound. One cause of action only was alleged, viz., the reformation and enforcement of a contract. Pomeroy, Code Rem. (4th Ed.) § 353; Stewart's Estate v. Falkenberg, 82 Kan. 576, 109 Pac. 170.

[2] In Grigsby v. Larson, 24 S. D. 628, 124 N. W. 856, this court said:

"The provisions of the federal and state Constitutions that the right to trial by jury shall remain inviolable have been construed to mean that the right to common-law trial by jury shall remain inviolate. Therefore we must go back to the common-law distinction as to what causes were triable by jury as a matter of right, and what were triable before the court without a jury. In the trial of all those cases which came on the law side of the court the parties were entitled to trial by jury as a matter of right, while all those cases which came on the chancery or equity side of the court were triable by the court without a jury."

The reformation of a contract has always been a subject of equitable jurisdiction. Having taken jurisdiction of a cause for that purpose, a court of equity may, and properly does, proceed to administer the relief to which the parties are entitled. Pom-

eroy, Eq. Juris. (3d Ed.) §§ 231, 238; Bliss, Code Pl. § 167:

There are numerous other errors assigned, but they are not deemed meritorious; and, as we find no error in the record prejudicial to appellant, the judgment and order appealed from are affirmed.