VAN ABEL, Respondent, v. WEMMERING, Appellant.

(153 N. W. 911.)

(File No. 3769.   Opinion filed August 7, 1915.)

1.   Appeals—Error—Judgments—Action Involving Reformation and Specific Performance—Adjudication on Specific Performance Only—Effect of Reversal and Judgment For Defendant, on Findings Re Reformation—Dismissal—Vacation of Judgment.

Where, in a suit for reformation of contract and for specific performance of the reformed contract, findings of fact in plaintiffs' favor were made both as to reformation and specific performance, held, that, on appeal from the judgment, and order denying new trial, where the Supreme Court, in determining the case on appeal, confined its views to the phase of specific performance, and reversed the judgment and order, remanding the case with directions "to enter judgment on the findings in favor of defendant," such reversal and directions amounted to

a dismissal of the action, and the only judgment trial court could enter thereon would be one of dismissal involving as well the cause of action for specific performance, and the contract would have stood unreformed. **Held**, further, that, no judgment having been entered by trial court after such reversal, the judgment on trial stood vacated, as did all findings on that trial, and the case stood as it did before the trial.

2. **Evidence—Evidence on Former Trial—Findings and Judgment Under Reversal and Vacation Thereof, as Res Judicata, Admissibility, Effect of Reversal on.**

In a suit for damages for breach of contract of sale of land, held, that, where, in a former action between the same parties, for reformation of the contract and for specific performance, there were findings of fact and judgment for plaintiff, and, upon appeal, the Supreme Court, while confining its decision to the phase of specific performance, reversed the judgment and order appealed from, with directions to enter judgment "on the findings in favor of defendant," such reversal, amounting to a dismissal of the action, and in effect vacating all findings made on the trial, it was error for the trial court, in the present action, to admit in evidence said findings of fact, and conclusions of law and the judgment thereon, to establish certain facts in issue, and to consider the matters embraced in said findings as res judicata, and to take from the jury all questions, save only that of plaintiff's damages; this notwithstanding the trial court had entered no judgment pursuant to the reversal in Supreme Court.

3. **Appeals—Brief—Surplusage—Motion to Strike, on Hearing on Appeal—Reference of Matter to Clerk—Taxation of Costs—Review by Court.**

Upon the hearing of an appeal in Supreme Court, where respondent moved at the hearing to strike out portions of appellant's brief as surplusage, such motion will, upon decision of the appeal, be referred to the clerk for determination upon the papers presented, in connection with taxation of costs, subject to review by the Court.

Appeal from Circuit Court, Hyde County. Hon. JOHN F. HUGHES, Judge.

Action by John Van Abel against G. F. Wemmering, to recover damages upon a contract for sale of land. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded for new trial.

See, 33 S. D. 544, 146 N. W. 697.

Upon the appeal, an order to show cause was entered by the Court, upon affidavit of respondent's attorney, why certain al-

leged redundant matter embraced in assignments of error in appellant's brief should not be stricken out as surplusage; the order being returnable on the calendar date for oral argument on the merits.

*M. C. Cunningham* and *A. W. Wilmarth,* for Appellant.

*M. Harry O'Brien,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Gallagher v. Moundsville, 34 W. Va. 730, 26 Am. St. Rep. 942; Huntly v. Holt, 59 Conn. 102, 21 Am. St. Rep. 71; Lorillard v. Clude, 122 N. Y. 41, 19 Am. St. Rep. 470; Wardee v. McKinnon, 99 N. Car. 251; Chicago Ry. Co. v. Hull, 24 Neb. 740, 40 N. W. 280; Shirland v. Union Nat. Bank, 65 Iowa, 96, 21 N. W. 202.

Respondent cited: Spelling, in New Trial and Appellate Practice, Vol. 2, Sec. 733; Code Civ. Proc., Secs. 276, 277; 33 S. D. 549.

(2) Under point two of the opinion, Respondent submitted that: The decision of the court in the former action is admissible as evidence of the reformation of the contract, particularly when it is shown that the decision of the trial court in such previous action upon the subject of reformation was approved by the Supreme Court upon appeal; and cited: 33 S. D. 550.

(3) Under point three of the opinion, Appellant submitted that: Every statement in the assignments of error was legitimate; and cited: Laws 1913, Ch. 172; Sup. Ct. Rule 5; Caulfield v. Bogle, 2 Dak. 465; Bush v. Northern Pac. Ry., 3 Dak. 449; McCormick v. Phillips, 4 Dak. 546-7; Franz Frank Brewing Co. v. Miellenz Bros., 5 Dak. 136; State v. Chapman, 1 S. D. 414; McKitrick v. Pardee, 8 S. D. 43; Hedlun v. Holy Terror Mining Co., 16 S. D. 281. That: Until such time as the court renders a decision that simply a reference to the page of the statement where the facts are set forth upon which the assignment of errors is based, is all that is required, it is necessary to set them out twice in the statement, once in the evidence and once in the assignment of error. That, respondent not having in any manner questioned the fairness of appellant's statement as by statutory law required, appellant's statement can-

not be questioned in any other way, and the Court is without power or authority to consider any part of H. J. Filler's affidavit upon which the order to show cause is based.

GATES, J. In a cause of the same title this court, in an opinion appearing in 33 S. D. 544, 146 N. W. 697, held that the giving of a mortgage upon the property by the vendor after the time fixed for the performance of the contract of purchase and sale deprived the vendor of his remedy of specific performance of the contract. The amended complaint in that action contained two causes of action—one for the reformation of the contract by changing the township number in the description of the land from 113 to 112; the other for a specific performance of the reformed contract. This court in concluding its opinion said:

"No opinion is herein expressed as to the legal rights of the parties in relation to said contract. The views herein expressed relate solely to the right and remedy of specific performance as applied to the particular circumstances of this case.

"The judgment and order appealed from are reversed, and the cause remanded, with directions to enter judgment on the findings in favor of defendant."

The remittitur in that cause was filed in the trial court on May 14, 1914. On May 23, 1914, the plaintiff brought an action for damages for breach of contract. The case was tried by the court together with a jury, and the plaintiff was awarded damages in the sum of $3,168.14. From the judgment and order denying a new trial, defendant appeals.

[1] In conformity with the opinion it would have been proper for this court in its former judgment to have directed the trial court to enter judgment sustaining that part of the findings of fact and conclusions of law which related to the reformation of the contract, and for a decree of reformation, but dismissing the cause of action which asked for specific performance of the contract. Doubtless this court would have directed the entry of such judgment had respondent within the 30-day period after decision made application for such relief. But what did this court direct? It directed the entry of judgment upon the findings in favor of defendant. Such judgment to be entered could only be a judgment of dismissal of the whole action, embracing as well the cause of action for the reformation of the contract as the

cause of action for specific performance. So that, if a judgment in the trial court had been entered pursuant to the remittitur, the contract would have stood unreformed. To entitle the plaintiff to recover damages for its breach, he would have been obliged to have the contract reformed. Castle v. Gleason, 31 S. D. 590, 141 N. W. 516; Id., 35 S. D. 98, 150 N. W. 895.

[2] But, so far as appears from the record, the trial court did not enter any judgment upon the remittitur. So that, so far as appears, there was no judgment whatever in the former case at the time of the trial of this case, because the former judgment of the trial court had been vacated by the judgment of this court. It is perfectly apparent that findings of fact in a cause wherein the judgment has been vacated and no new judgment entered have no more force as res judicata than if no judgment had ever been entered in the first place. If this court had simply reversed the judgment without directions, it is clear that not only the judgment of the trial court would have been vacated, but the findings of fact and conclusions of law as well, and that the case would then have stood in the same position as it did *before the trial.* Schnepper v. Whiting, 18 S. D. 40, 99 N. W. 85; Steere v. Gingery, 24 S. D. 423, 428, 123 N. W. 863. Clearly in such case the findings, conclusions, and judgment would not have been admissible upon another trial to prove the facts necessary to be proved in the subsequent trial. Can it rationally be claimed that when the court goes further, and, in addition to reversing the judgment, directs the entry in the trial court of a judgment dismissing the action, such decision and direction leave the case in the position it was *after the trial* and before the appeal was taken? It would seem to us that a mere statement of the question shows the absurdity of the contention. The trial court not only admitted in evidence certain of the findings of fact and conclusions of law in the former case to establish certain facts necessary to be proved in the present case, but it received in evidence and gave force to the former judgment of the trial court, which had been vacated. These were barren of evidentiary force, and without them the evidence was insufficient to sustain the verdict. Moreover, the trial court considered the matters embraced in the former findings as res judicata, and took from the jury the consideration of all questions, save only the amount of

plaintiff's damage. This was clearly error, because the parties were entitled to have all of the evidence passed upon by the jury.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

Upon the hearing of this cause there was also presented and argued a motion to strike from appellant's brief certain portions as surplusage. This motion is now referred to the clerk of this court for determination, upon the papers heretofore presented, in connection with the taxation of costs, subject, however, to review by this court.