VAN ABEL, Respondent, v. WEMMERING, Appellant.

(166 N. W. 629.)

(File No. 4223.   Opinion filed March 8, 1918.   Rehearing denied May 7, 1918.)

1.   Judgments—Specific Performance, Reformation of Contract—Reversal re Specific Performance, Whether Res Judicata re Reformation—Dismissal.

Where, in a suit for specific performance of a contract for sale of realty, and for reformation of the contract; in which findings were made both as to reformation and specific performance, the Supreme Court having reviewed the case, confining its views to phase of specific performance, and remanded the case with direction "to enter judgment on the findings," held, that the judgment on appeal, thus directed to be entered below, would be res judicata as against another action for specific performance, but not as to matter of reformation of the contract; that as to the latter phase, the action would stand dismissed without prejudice.

2. **Actions—Damages for Breach of Contract—Amendment to Secure Reformation—Former Action, Findings re Specific Performance, and Reformation, In, Whether Evidence in Present suit.**
Where, in a suit for reformation of a realty sale contract, and for specific performance thereof, findings were made both as to reformation and specific performance, and thereafter, after reversal of the judgment by Supreme Court, the original suit not having been formally dismissed, a suit for damages for breach of the contract was begun, the complaint having been amended so as to secure reformation of the contract, held, that the judgment and findings of trial court in the original suit were not of evidentiary force in the present suit.

3. **Trials—Error—Suit for Breach of Realty Sale Contract—Amendment to Secure Reformation—No Findings re Reformation, Money Judgment—Error Non-prejudicial, When?**
In a suit for damages for breach of a realty sale contract, plaintiff having amended his complaint so as to secure a reformation of the contract, and trial court having rendered a mere money judgment upon verdict, no findings or conclusions of law having been made upon question of reformation, held, that while entry of judgment without disposing of issue of reformation was erroneous, yet, as upon facts presented it is undisputed that the contract should be reformed, the error was non-prejudicial.

4. **Trials—Reformation of Realty Sale Contract—Mistake in Description—Instruction re Mistake, Effect as Finding re Reformation—Prejudice.**
In a suit for damages for breach of a realty sale contract, the issue of reformation of the contract by correcting a mistaken description of the land being involved through amendment of the complaint, an instruction that jury should find from the evidence that the misdescription in the contract was a mistake, in legal effect amounted to a finding that plaintiff was entitled to reformation of the contract; and trial court's error in failing to decree such reformation was not prejudicial.

Appeal from Circuit Court, Hyde County. Hon. JOHN F. HUGHES, Judge.

Action by John Van Abel, against G. F. Wemmering, for damages for breach of a realty sale contract, and for reformation of said contract. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See 33 S. D. 544, 146 N. W. 697, and 36 S. D. 31, 153 N. W. 911.

*A. W. Wilmarth,* for Appellant.

*M. Harry O'Brien,* and *P. W. Dougherty,* for Respondent.

(1) To point one of the opinion, Appellant cited: Huntly v. Holt, 59 Conn. 102, 21 Am. St. Rpt. 71.

GATES, J. [1] Reference is made to 33 S. D. 544, 146 N. W. 697, and 36 S. D. 31, 153 N. W. 911, for an understanding of the present appeal. A judgment in an action for reformation of a contract for the sale of lands and for specific performance thereof was vacated by this court. 33 S. D. 544, 146 N. W. 697. In said opinion the effect of the decision was expressly limited to the matter of specific performance. The judgment of this court, and the judgment directed by this court to be entered in the trial court, in that case would be res judicata as against another action for specific performance, but would not be res judicata as to the matter of the reformation of the contract in a subsequent action. So far as the latter phase is concerned, the action would stand dismissed without prejudice. After the filing of the remittitur in the trial court in that case the present action was begun for damages for breach of the contract. On appeal from a judgment rendered therein the judgment was reversed because there had been no reformation of the contract, the former judgment having been vacated, and because the evidence was insufficient to sustain the findings; the insufficiency being predicated upon the fact that the trial court assumed that certain findings in the specific performance case could be relied upon to supply proof of certain matters in this case. 36 S. D. 31, 153 N. W. 911.

[2] Upon a new trial plaintiff sought and obtained leave to amend his complaint so as to secure a reformation of the contract. The action was tried by the court and a jury. The jury returned a verdict for plaintiff, and, without having made

findings of fact and conclusions of law upon the question of reformation, the trial court rendered judgment upon the verdict which judgment is a mere money judgment, and does not touch upon the reformation of the contract. It appears that the former action has not been formally dismissed, but that cuts no figure in this case. As we said in 36 S. D. 31, 153 N. W. 911, the vacation of the judgment in the former case placed that case in the situation in which it was before the trial thereof. The only effect of the failure of the trial court to dismiss that action was to leave that action still pending. The judgment and findings of the trial court in that case were barren of evidentiary force.

[3] Plain error therefore arises by reason of the omission of the trial court in this case to dispose of the issue of reformation of the contract, but upon an examination of the record it appears beyond question that it is nonprejudicial error, because upon the facts presented it stands undisputed that the contract should be reformed. Such fact is so clearly established that reasonable minds could arrive at no other result. There is no question about it at all. Furthermore, the trial court charged the jury as follows:

"From all the evidence in this case, gentlemen, you are directed to find as a fact that the describing of the land as being in township 113 north instead of township 112 north was a mistake made by Mr. Pierce in drafting the instrument."

[4] This in legal effect amounted to a finding of fact that plaintiff was entitled to a reformation of the contract, and the error of the trial court in failing to decree such reformation cannot be prejudicial to plaintiff. This appears to us to be a fitting situation in which to apply the rule that nonprejudicial error will not be permitted to work a reversal of a judgment, especially in view of the long-continued litigation by the parties to this contract.

What we have heretofore said disposes in a large part of matters urged in appellant's brief. The other matters have been examined, and considered and are found to be without merit.

The judgment and order appealed from are affirmed.