STATE, Appellant, v. NIEUWENHUIS et al, Respondents.

(207 N. W. 77.)

(File No. 5632.   Opinion filed January 9, 1926.)

1.   Appeal and Error—Law of Case—Decision in Prior Appeal Is Law of Case.

Decision in prior appeal as to admssibility of evidence is law of case on subsequent appeals.

2.   Wills—Jury Verdict—Jury's Verdict Advisory in Action to Probate Lost Will.

In proceeding, under Rev. Code 1919, Secs. 3213-3216, to probate lost will, where appeal was taken to circuit court, and verdict of jury was for proponents, suit being in equity, such verdict was advisory only, and court should have made his own findings of fact instead of rendering judgment on verdict.

3. · Jury—Equity—Statute Concerning Effect of Verdict of Jury Held Void in Part.

That part of Rev. Code 1919, Sec. 3564, wording of which is language of Code commission in revising Laws 1917, c. 182, which amended Prob. C., Sec. 359, and which provided that, on appeal from county to circuit court, jury's verdict shall have force as verdicts in actions at law, held void as infringing on power of judges and courts, in so far as it applies to actions in chancery, where such verdict is advisory only.

4. Jury—Constitutional Law—Trial by Jury in Action to Establish Lost Will Not Guaranteed by Constitution.

At time of adoption of state Constitution, action to establish lost will was triable to court without jury, and, therefore, jury trial in this form of action is not guaranteed by Constitution.

5. Jury—Appeal and Error—County Court—Statutory Proceeding in County Court May Not Be Such on Appeal to Circuit Court.

In view of State Const., Art. 5, Sec. 14, relative to jurisdiction of circuit court, and Rev. Code 1919, Sec. 3564, relative to appeal from county to circuit court, an appeal to circuit court in a statutory proceeding in county court to probate lost will is not a statutory proceeding in circuit court, but is a proceeding in equity in which jury trial is not matter of right.

Appeal from Circuit Court, Charles Mix County; Hon. John G. Bartine, Judge.

Petition by the State to contest the will of Henry P. Tjarks, deceased. Judgment for proponents, Albert Nieuwenhuis and others, and the State appeals. Reversed, with direction.

See, also, 43 S. D. 198, 178 N. W. 976; 46 S. D. 154, 191 N. W. 446.

*Buell F. Jones,* Attorney General, *E. D. Roberts,* Assistant Attorney General, and *C. C. Caldwell,* of Sioux Falls, for the State.

*G. M. Caster* and *A. B. Beck,* both of Lake Andes, for Respondents.

Appellant cited: State v. Conklin, 168 N. W. 861; State v. McDonald, 104 Pac. 772; Wright v. Fultz, 38 N. E. 175; Munn v. Lynch (Ark.), 83 S. W. 316; Macomb v. Lake Co., 13 S. D. 103, 82 N. W. 417; Sykes v. Bank, 2 S. D. 242; 49 N. W. 1058; Byrne v. McKechie, 29 S. D. 476, 137 N. W. 343; Kennedy v. McKenzie, 127 N. W. 597; Brown v. Circuit Judge of Kalamazoo Co. (Mich.), 42 N. W. 827, 5 L. R. A. 226; Bridge Street etc.

Road. Co. v. Hogadone, 114 N. W. 821; Cole v. Cole Realty Co., 135 N. W. 331; Gray v. Circuit Judges, 171 N. W. 431; Maier v. Lillibridge, 70 N. W. 1033; Detroit National Bank v. Blodgett, 73 N. W. 885.

Respondent cited: In re Landy's Will, 42 N. W. 1061; In re Hunt, 18 N. E. 106; In re Robinson, 39 Pac. 862; Pine v. Callahan, 71 Pac. 473; In re Stubben, 54 N. W. 159; Neimand v. Seeman (Ia.), 114 N. W. 48; Shelby v. St. James Asylum (Neb.), 92 N. W. 155; Clough v. Clough (Colo.), 51 Pac. 513; Brown v. Miner (Ill.), 21 N. E. 223.

BURCH, C. [1] This action involves the contest of a lost will and for the third time is before us on appeal. Henry P. Tjarks died on the 9th day of January, 1916. Some eight months later, September 30, 1916, a petition was filed in the county court of Charles Mix county to probate his will. It was claimed that Tjarks had made a will, which was destroyed after his death by accident, and proceedings were had to probate the will as a lost will under the provisions of section 3213 to section 3216, inclusive. Said Tjarks left no heirs capable of inheriting from him, and the state of South Dakota, claiming an escheat, contested the will. From a judgment of the county court in favor of contestant, proponents appealed on questions of both law and fact to the circuit court, where the judgment of the county court was affirmed. On appeal to this court the judgment of the circuit court was reversed, because the lower court excluded evidence of declarations of deceased to third parties that he had made a will in favor of devisees. The first three assignments of error now before us complain of the admission of such evidence in the subsequent trial. The former decision on this question (State v. Nieuwenhuis, 43 S. D. 198, 178 N. W. 976) is the law of this case, and we therefore decline to consider these assignments.

[2] The verdict of the jury in the last trial of this case was in favor of proponents, and the court rendered judgment on the verdict, because, as stated by the court, he considered the verdict binding on him as in an action at law. It is contended by appellant that such verdict was advisory only, and that the court should have made his own findings of fact. If the verdict is advisory only, then the case must be remanded, with direction to the lower

court to make findings of fact and render judgment in accordance therewith.

[3]    The statute applicable to appeals from the county court to the circuit court pertaining to the right to trial by jury is a part of section 3564, R. C. 1919, as follows:

"All questions of fact arising upon such appeal shall be, at the request of any party to such proceedings, triable by jury, and general or special verdicts may be required by the court, which shall have the same force and effect as verdicts in actions at law."

This section was originally section 359. Probate Code 1903; the portion pertaining to jury trial reading:

"Such appellate court has the same power to decide the questions of fact which the county court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all the material questions of fact arising upon the issues."

Section 359, P. C. 1903, was amended by chapter 182, S. L. 1917, to provide:

"All questions of fact arising upon such appeal shall be, at the request of any party to such proceedings, triable by jury, and general or special verdicts may be required by the court which shall have the same force and effect as verdicts in other cases."

The wording of the statute as it now stands is the language of the Code commission in revising chapter 182, S. L. 1917, and appellant, in discussing the effect of the statute, argues, first: That the Code commission had no power to change the meaning of the statute as it existed at the time of the revision, and for that reason we must conclude that the meaning was not intended to be changed, and construe the statute by the language of the earlier enactment; second, that since the distinctions between law and equity have been abolished, the words "actions at law" are not to be construed as making the verdict binding as in common-law actions, cognizable by the law courts, because to do so recognizes a distinction; and, third, that, if the statute is to be construed as intending to make the verdict of the jury binding on the court as in jury trials of law actions, then it is unconstitutional as infringing upon the powers of judges and courts provided by the Constitution. In support of its latter contention ap-

pellant cites Brown v. Kalamazoo Circuit Judge, 75 Mich. 274, 42 N. W. 827, 5 L. R. A. 226, 13 Am. St. Rep. 438, which construes a statute attempting to provide for jury trials in chancery cases; making the verdicts binding as in actions at law. Therein it is said:

"The functions of judges in equity cases· in dealing with them is as well settled a part of the judicial power, and as necessary to its administration, as the functions of jurors in common-law cases. Our Constitutions are framed to protect all rights. When they vest judicial power they do so in accordance with all of its essentials, and when they vest it in any court, they vest it as efficient for the protection of rights, and not subject to be distorted or made inadequate. The right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury.  *  *  *

"The system of chancery jurisprudence has been developed as carefully and as judicially as any part of the legal system, and the judicial power includes it, and always must include it. Any change which transfers the power that belongs to a judge to a jury, or to any other person or body, is as plain a violation of the Constitution as one which should give the courts executive or legislative power vested elsewhere. The cognizance of equitable questions belongs to the judiciary as a part of the judicial power, and under our Constitution must remain vested where it always has been vested heretofore."

The Michigan case is well reasoned, and has been approved by many courts, including our own. Casey v. Smith, 36 S. D. 36, 153 N. W. 918. If this is an action in equity, that case is in point, sound in its reasoning, and should be followed.

[4, 5] At the time of the adoption of our Constitution, an action to establish a lost will was triable to the court without a jury. Therefore this form of action is not one in which jury trial is guaranteed by the Constitution. Grigsby v. Larson, 24 S. D. 628, 124 N. W. 856; Shaw v. Shaw, 28 S. D. 221, 133 N. W. 292, Ann. Cas. 1914B, 554; Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343; Castle v. Gleason, 35 S. D. 98, 150 N. W. 895. Whether this action be in equity or a special statutory proceeding, it is one in which the right to jury trial, if it exists, depends upon the

statute now under consderation, and not upon a constitutional right. Actions to establish lost wills are within the functions of equity. Because this action originated in statutory proceeding in county court, does it necessarily follow that it is a statutory proceeding in circuit court? We think not. In the case of Trotter v. M. R. F. Life Ass'n, 9 S. D. 596, 70 N. W. 843, 62 Am. St. Rep. 887, we said:

"The county court has original, but not exclusive jurisdiction in all matters of probate guardianship and settlement of estates of deceased persons. The circuit court has original jurisdiction of all actions and causes both at law and in equity. It has, as a court of equity, concurrent jurisdiction in matters of administration. * * *"

Section 3564, R. C. 1919, provides:

"When the appeal is on questions of fact, or on, questions of both law and fact, the trial in the circuit court must be de novo and shall be conducted in the same mnaner as if the case and proceedings had originated in that court."

—this case having come to the circuit court, although on appeal the case must be conducted "in the same manner as if the case and proceeding had originated in that court." The circuit court did not become a probate court. Under article 5, § 14, of our Constitution, it has "original jurisdiction of all actions and causes, both at law and in equity, and such appellate jurisdiction as may be conferred by law. * * *" As an appellate court it may affirm, modify, or reverse the decrees of the county court on questions of law. As a trial court it proceeds either in law or equity. Which side of the court is this action on? Plainly on the equity side, since the proponents of the will are seeking to establish title to real property. It is quite analogous to the class of cases in which the devisee could maintain a bill in equity against the heir at law to set up the will to quiet his title. Without the statute the circuit court would have had jurisdiction in equity to establish the lost will, and, when so established, it could have been executed and administered as an established will. Having concluded that this action in the circuit court is in equity, governed by the rules of chancery practice, we adopt the reasoning in the case of Brown v. Kalamazoo Circuit Judge, supra, and hold that the verdict of the jury was advisory only, and that the stat-

ute concerning the effect of the verdict of the jury, in so far as it applies to actions in chancery, is unconstitutional and void. As this case must be remanded to the circuit court for further proceeding, other assignments of error need not now be considered.

The judgment of the lower court is reversed, and that court is directed to make findings of fact and conclusions of law in harmony with this opinion.

Note.—Reported in 207 N. W. 77. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1099 (7), 4 C. J. Sec. 3091; (2) Wills, Key-No. 318(3), 40 Cyc. 1341; (3) Jury, Key-No. 13(4), 35 C. J. Sec. 30; (4) Jury, Key-No. 14(1), 35 C. J. Sec. 14; (5) Jury, Key-No. 17(3), 35 C. J. Sec. 103.