ADMINISTRATOR OF CATHARINE C. YOUNG *vs.* AARON H. RATHBONE.

1. A court of equity ought not to enforce the specific performance of a contract for the purchase of land, under a sale which a competent tribunal had pronounced unauthorized and illegal.

2. The judgment or decree of a court of general jurisdiction, upon a

Young's adm'r *v.* Rathbone.

subject matter within its jurisdiction, is final and conclusive, and can never be questioned in a collateral suit.

3. But where the order or decree is not an error of judgment, but an usurpation of power, it is not conclusive, and may be drawn in question in a collateral proceeding.

4. A court of equity, in the exercise of its discretion, will not compel a purchaser to accept a title depending upon an illegal and invalid sale, while it remains open to review, although the judgment unreversed might be conclusive upon the party's rights.

5. Time is not generally deemed in equity to be of the essence of the contract, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. Specific performance is frequently decreed, where the terms for the completion of the contract have not, in point of time, been strictly complied with.

6. Where the time fixed for the delivery of a deed has passed and circumstances have materially changed, a vendee acting in good faith will not be compelled to accept a deed against his will, which he was ready and willing to accept at the time fixed for the performance of the contract.

On final hearing.

*Zabriskie,* for complainant.

*Ransom* and *Scofield,* for defendant.

Cases cited by complainant's counsel. *Kempe's Lessee* v. *Kennedy,* 5 *Cranch* 173, 186; *Ex parte Watkins,* 3 *Peters* 193, 202; *Voorhees* v. *Bank of United States,* 10 *Peters* 449, 472; *Hartshorne* v. *Johnson,* 2 *Halst. R.* 108; *Den* v. *Zellers, Ibid.* 153; *Den* v. *O'Hanlon,* 1 *Zab.* 582; *Den* v. *Gaston,* 4 *Ibid.* 818, 820; *Den* v. *Hammel,* 3 *Harr.* 73; *Diehl* v. *Page,* 2 *Green's Ch. R.* 143; *Pittenger* v. *Pittenger, Ibid.* 156, 166; *Stokes* v. *Middleton,* 4 *Dutcher* 32, 35; *Runyon* v. *India Rubber Co.,* 4 *Zab.* 473, 476; *Stevens* v. *Enders,* 1 *Green's R.* 271, reviewed.

Cases cited by defendant's counsel. *Stevens* v. *Enders,* 1 *Green's R.* 271; *Van Riper* v. *Berdan,* 2 *Green's R.* 139; *State* v. *Rickey,* 3 *Halst. R.* 50.

THE CHANCELLOR. The bill is filed to enforce the specific performance of a contract for the sale of certain real estate made by the complainant, as administrator with the will annexed, and trustee of the estate of Catharine C. Young, deceased, to the defendant. The sale was made on the twenty-second of September, 1860. By the conditions of sale the deed was to have been delivered on the first Monday of December following. The defendant declined to accept the deed, and now resists a decree for specific performance on the ground of defective title.

Catharine C. Young, the complainant's testatrix, claimed title to the premises under a deed made by commissioners appointed by the Court of Common Pleas of the county of Bergen, upon an application for the partition of certain real estate whereof Thomas Stevenson died seized, among his devisees, under the act of 1789. Three of the tenants in common held their shares in fee. Two of them were tenants for life only, with remainder over to their children. The proceedings were in the name of those only having estates in possession. The tenants in remainder were not, and could not, be made parties to the proceeding.

In *Stevens* v. *Enders*, 1 *Green* 271, it was decided by the Supreme Court of this state, that on application for partition, where there were persons owning estates in remainder who could not be made parties to the suit, the court have no authority, under the act of 1789, to make an order for sale, or to approve and confirm it. This case falls directly within the authority of that adjudication, and it is admitted that if that decision be law, the sale in this case was unauthorized and illegal. But it is insisted that the decision in that case is not law. If any doubt ever existed in regard to the propriety of that decision, it ought not to be questioned at this time and in this cause. It was the recognized law of the state for nearly thirty years. It was the unanimous judgment of the court, and has never before, so far as I am aware, been drawn in question. Its operation has been terminated by express legislation. A court of equity ought

not to enforce the specific performance of a contract for the purchase of lands under a sale which the Supreme Court had pronounced unathorized and illegal.

It is further insisted that if the decision in *Stevens* v. *Enders* is recognized as law, and if the sale was unauthorized and illegal, yet the order confirming the sale, having been made by a court of general jurisdiction upon a subject matter within its jurisdiction, is final and conclusive and can never be questioned in a collateral suit.

The soundness of this general proposition cannot be questioned. It has been established by the uniform current of authority both in the Supreme Court of the United States and of this state. *Kemp's Lessee* v. *Kennedy*, 5 *Cranch* 173; *Ex parte Watkins*, 3 *Peters* 193; *Voorhees* v. *Bank of U. S.*, 10 *Peters* 449, 472; *Hartshorne* v. *Johnson*, 2 *Halst.* 108; *Den* v. *O'Hanlon*, 1 *Zab.* 582; *Den* v. *Gaston*, 4 *Zab.* 818, 820; *Stokes* v. *Middleton*, 4 *Dutcher*, 32, 35; *Pittenger's Adm'r* v. *Pittenger*, 2 *Green's Ch. R.* 156.

It is urged that the present case falls directly within the operation of this principle, inasmuch as the court had jurisdiction of the matter of partition. And it is admitted by the Chief Justice in *Stevens* v. *Enders*, that a partition might be made as between the tenants in fee and tenants for life who had present interests in the land. But the fallacy of the argument consists in this, that, although the court had jurisdiction over the partition, they had none over the sale. If they had power to direct a partition, they had no power to order a sale, or to affect the interests of the persons having estates in remainder. The order for sale was not an error of judgment, but an usurpation of power. The order of the court was therefore not conclusive upon the validity of the sale, which may be drawn in question in a collateral proceeding.

But if, in point of fact, the court had jurisdiction, and its judgment cannot collaterally be drawn in question, it may still remain a matter of doubt whether a court of equity would have enforced the contract as against a purchaser, as

the law stood at the date of this contract. It was held by the Supreme Court in *Stevens* v. *Enders*, that a *certiorari* for the removal of proceedings upon an application for partition and order for sale, is not within the provision of the statute which prohibits the allowance of a *certiorari* after the lapse of eighteen months from the date of the order. Its allowance in such case rests in the sound discretion of the court. And where the rights of a married woman or of infant children are involved, what limit would a court of law set to the exercise of that discretion? It might not be safe to assume that any time short of the actual removal of the legal disability would constitute that limit. Nor would a court of equity, in the exercise of its discretion, compel a purchaser to accept a title depending upon an illegal and invalid sale, while it remained open to review at the discretion of a court of law, although the judgment unreversed might be conclusive upon the party's rights.

The act of the fourteenth of March, 1861, operated to heal the defects in the title under the commissioners' sale. On the fifteenth of June thereafter, a conveyance was again tendered to the defendant, which he refused to accept. Time is not generally deemed in equity to be of the essence of the contract, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. Specific performance is therefore frequently decreed, where the terms for the completion of the contract have not, in point of time, been strictly complied with. 1 *Story's Eq. Jur.*, § 776; *Fry on Spec. Perf.* 314.

But in this case, between the time fixed for the delivery of the conveyance in December, 1860, and the subsequent tender of the deed after the title had been perfected, circumstances had materially changed. A civil war had broken out, and the value of real estate was depressed. It could not be consistent with the real intention of the parties, or with the real justice of the case, to compel the vendee, under such circumstances acting in good faith, to accept a deed against his will, which he was ready and willing to accept

at the time fixed for performance.  I do not indeed under-
stand the counsel of the complainant to place his case at all
upon this ground, but to rest exclusively on the position
that the act of the fourteenth of March, 1861, was but an
affirmance of the law as it previously stood, and that the
title was consequently perfect at the time of the tender of
the deed.

Failing in this position, he is not entitled to relief.  The
bill must be dismissed with costs.