ABRAHAM EISLER AND ESTHER EISLER, PLAINTIFFS-APPELLANTS, v. SOLOMON M. HALPERIN AND RACHEL HALPERIN, DEFENDANTS-RESPONDENTS.

Submitted March 27, 1916—Decided June 19, 1916.

1. Since the amendment of 1910 to section 30 of the District Court act, District Courts have had jurisdiction to try causes wherein the title to land is in question, within the limits set by that section as amended.
2. A vendee is not obliged to accept a title substantially defective, and on rejecting the deed for good cause may demand and sue for the return of money paid on account of the purchase.
3. When the sufficiency of a real estate title is in question in a court of law, that court may receive and consider evidence tending to show that the title is vulnerable in equity.
4. Delivery of possession is normally essential to the transfer of a good title, and a vendee may reject a title not accompanied by immediate possession, unless the agreement be otherwise.

On appeal from the Supreme Court, whose opinion is reported in 85 *N. J. L.* 139.

For the appellants, *Samuel F. Leber.*

For the respondents, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

PARKER, J. The suit was for the recovery back of money paid on account of the purchase price of real property by reason of defect in the title and inability to deliver possession. The District Court gave judgment for the plaintiffs, and in the Supreme Court this was reversed, on the ground that the trust with which plaintiff claimed the property was affected was not manifested by writing, as required by the statute of frauds, and therefore the testimony about it was irrelevant and immaterial. The court does not discuss the claim made by plaintiff that defendants were unable to deliver possession, as found by the trial judge. The Supreme Court also held, on the authority of *Tapscott* v. *McVey*, 83 *N. J. L.* 35, that since the amendment of 1910 to section 30 of the District Court act (*Comp. Stat.*, *p.* 1962), which struck out the proviso withholding jurisdiction of actions wherein the title to lands and real estate shall come in question (see *Pamph. L.* 1898, *p.* 564), District Courts have had jurisdiction to pass on questions of title to land within the limits set by that section as amended. With this last conclusion we agree. The change in the statute is an abrogation to this extent of the rule laid down in *Buttoro* v. *Whalen*, 64 *N. J. L.* 461, and the District Court therefore properly entertained the action.

On the other points of the case, however, we reach a result different from that reached by the Supreme Court. So far as the facts are recited in the opinion of that court, *ubi supra*, they need not be repeated. The rule is elementary that, in the absence of any qualifying conditions in the contract of sale (and there were none in this case), the purchaser is en-

titled to a good title. If the title be not such as the purchaser is entitled to under his contract, he may, after a proper tender, or without it in cases where it is waived or excused, rescind the contract and recover back in an action at law what he has paid on it. 29 *Encycl. L.* (*2d ed.*) 619; *Meyer* v. *Madreperla,* 68 *N. J. L.* 258, 266. The principle is recognized in this state by such cases as *Weimar* v. *Fath,* 43 *Id.* 1; *Buttoro* v. *Whalen, supra; Gerbert* v. *Trustees,* 59 *Id.* 160, and *Mangonaro* v. *Karl,* 84 *Id.* 408. We have in this state a line of cases holding that equity will not decree the specific performance of such a contract if it will result in compelling the purchaser to take a doubtful title. *Dobbs* v. *Norcross,* 24 *N. J. Eq.* 327, a decision of Chancellor Runyon, is a leading example. Recent cases in this court are *Van Riper* v. *Wickersham,* 77 *Id.* 232, and *Doutney* v. *Lambie,* 78 *Id.* 277. There may be some cases where equity would refuse relief to a vendor on account of doubtful features of title that nevertheless would not support a rescission by vendee and a suit for recovery back of purchase-money paid; but if there be a substantial defect, the vendee may rescind and recover back his payments and interest if the title has not passed. Illustrative cases are *Moore* v. *Appleby,* 108 *N. Y.* 237 (lack of proper parties in a partition suit) ; *Fruhauf* v. *Bendheim,* 127 *Id.* 587 (outstanding privilege of renewing a lease), and *Simon* v. *Vanderveer,* 155 *Id.* 377 (filed *lis pendens* and complaint stating a good cause of action, although unfounded in fact). In the case at bar, plaintiffs had notice that Halperin held by a deed that was tantamount to a mortgage, *i. e.,* given to secure money loaned, and under an oral agreement with Blacher, his grantor, that in case of a sale Halperin would account for all moneys received over and above the loan. The Supreme Court held that this was an oral trust and unenforceable under the statute of frauds. But what section 3 requires is that trusts shall be "manifested and proved" by writing in order to be enforceable, and as was held by this court in *Jamison* v. *Miller,* 27 *N. J. Eq.* 586, 592, the writing may be brought into being after the creation of the trust, and even after the intervention of creditors by attachment. If ef-

fective against attaching creditors without notice, it should also be effective against subsequent purchasers with notice; so that the claims of plaintiffs under the deed of Halperin, if they accepted it with notice of this parol trust, were subject to impairment or defeasance thereafter by the expression or evidencing of that trust in writing. That it was a trust to sell would not materially help the matter, for its terms may have contained a limitation on price or some restriction that would invalidate Halperin's deed as trustee. Apart from this, if the deed from the Blachers to Halperin was in fact only a mortgage, this could be shown by parol evidence. *Cake* v. *Shull*, 45 *Id.* 208.

It is true that Blacher was present at the time fixed for passing title, and probably would be estopped from impeaching a deed by Halperin. Blacher's wife, however, was not present. Plaintiff's attorney demanded a release of her dower and was informed that she was in Europe and would not return for several weeks. Even if the interest of Blacher was purely equitable, his wife would be entitled to dower in it. *Cushing* v. *Blake*, 30 *N. J. Eq.* 689. From all which considerations it should sufficiently appear that for the Eislers to accept the title proffered would lay them open to a fair probability of vexatious litigation with the possibility of serious loss. A title in that condition is plainly unmarketable and substantially defective, and a purchaser is justified in refusing to accept it.

As to the propriety of the testimony about the parol trust, or the deed as a mortgage, the question under investigation by the District Court was whether the title was one which the purchaser was entitled to reject in its then state, and in solving that it was entitled to receive any evidence that tended to show the openings for attack on the title, whether at law or in equity. On the whole, we consider that plaintiffs acted lawfully in rejecting the title and in demanding their money back, and were entitled to sue for it at law.

There is another ground for supporting the judgment of the District Court that does not seem to have been discussed by the Supreme Court, viz., that defendants were unable to

put plaintiffs into possession. Plaintiffs notified defendants at or about the time of executing the agreement of purchase in December, that they would have to move out of the property that they were then occupying at the time fixed for closing title, February 14th or 15th, and would require immediate possession of the premises. When the parties met to close the title, it was found that Blacher and his wife were in possession, and Blacher refused to vacate the premises or to fix definitely any time when they would remove therefrom. Such is the finding of fact by the trial court, and on that finding also a judgment in favor of the plaintiff was justified.

For these reasons the judgment of the Supreme Court will be reversed and that of the District Court affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   13.