### Browning, et al. v. Huff, et al.

(Decided June 24, 1924.)

## Appeal from Fayette Circuit Court.

1. Vendor and Purchaser—Time Held of Essence of Contract to Purchase.—Time held of essence of contract of sale of a house providing for giving of possession within 60 days or sooner.
2. Contracts—Construction with Regard to Time of Performance Same in Equity as at Law.—Construction of contracts with regard to time of performance is same in equity as at law.
3. Specific Performance—Contract Enforced upon Equitable Terms Notwithstanding Delay.—Court of equity will not generally relieve against legal consequences of delay, but will decree specific

performance upon equitable terms, notwithstanding delay, if matter of contract admits of. that remedy.

4.  Evidence—Presumption that Time of Performance is Not Essential may be Refuted by Parol Evidence.—While equity presumes time of performance named in ·contract is not ·essential unless so stated therein,. yet this presumption may be refuted by parol evidence.

JAMES G. DENNY and GEORGE C. WEBB for appellants.

B. D. BERRY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This action was instituted in the Fayette circuit court by Kathryn Huff and· husband, I. ·C. Huff, to recover of appellants, Jennie L. Browning and her husband, J. Wood Browning, the sum of $1,000.00, which had been placed as earnest money for the fulfillment of a contract of purchase of real estate executed at Lexington on June 23, 1920, reading:

"CONTRACT FOR SALE OF REAL ESTATE:

Lexington, Ky., June 23, 1920.

"THIS CONTRACT, made and entered into this 23rd ·day of June, 1920, by and between Jennie L. Browning & J. Wood Browning, parties of the first part, and Kathryn C. Huff and I. C. Huff, parties of the second part,

"WITNESSETH: That if the parties of the second part shall make the payments and perform the covenants hereinafter mentioned on their. part, the parties of the first part hereby agree to ·convey to the second parties by a good and sufficient warranty deed, free from all incumbrances whatsoever, unless otherwise herein mentioned, the following described property:

"The buff brick bungalow No. 1217 S. Limestone in Rhodes Addition fronting 90 feet on W. side of S. Limestone, extending back 160 feet more or less, for which the second parties agree to pay to the first parties hereto the sum of $15,000.00, in the following way: $6,466.66 in cash, when deed is made and assume the payment of two notes of $4,266.66 made payable to My Vaughn and mentioned in ·deed from Vaughn to Browning.  Second parties agrees

to keep property insured for the amount of the notes with loss clause to holder to notes, as their interest appear. *Possession to be given in* 60 *days or sooner if possible.*

"Parties of the second part has deposited with Ott & Smiley, agents negotiating this deal, the sum of $1,000.00, earnest money, which is to be applied on the purchase price, but should the title to said property prove defective, the party of the first part shall have sixty days to perfect same, and if unable to do so within that time, then the above mentioned $1,000.00 earnest money is to be returned to second party.

"This sale is made through Ott & Smiley, real estate agents, and the first parties hereto agree to pay them the regular commission of three per cent of the purchase price for making this sale."

By counterclaim the Brownings asked for specific performance of the foregoing contract and for judgment for $14,000.00 against the Huffs. This action was consolidated with a similar one between the same parties, and on preparation and submission to the court, judgment was entered in favor of appellee Huff and her husband, against the Brownings and Ott & Smiley, for $1,000.00 with interest from the 23rd of August, 1920, and for costs. The counterclaim of appellants was dismissed, and they appeal.

Is time of the essence of the contract above copied? If it is as to that part which required the Brownings to give possession of the house to the Huffs within sixty days from June 23, 1920, then the judgment must be sustained, but if the provision for the giving of possession of the property was merely formal and not of the essence of the contract, the judgment must be reversed.

It is shown in evidence that the real estate firm of Ott & Smiley, who had the house and lot mentioned in the pleadings and proof for sale, found and interested the Huffs in its purchase. When the Huffs went to look at the property they made known the fact they desired it for a residence and expected if they purchased it to take possession of it at once as a home; that they needed a home and they were buying this property for that purpose. The contract as originally prepared allowed the Brownings only thirty (30) days in which to vacate the premises, that time having been mentioned by the parties

in the negotiation as sufficient, but when the writing was presented to the Brownings for their signatures it was changed so as to give them sixty days in which to vacate the house. The Huffs complied with each condition of the contract, and to show their good faith deposited with the agents, Ott & Smiley, the sum of $1,000.00. They obtained permission from the Brownings to paint the house both inside and outside and did paint it at a cost of $190.00. They made frequent inquiries of the Brownings and of their agents, Ott & Smiley, as to when the house would be vacated, and let it be known to the Brownings that appellees desired the possession of the house at the earliest possible moment. The sixty days, which was the utmost time given appellant to vacate, were to expire on August 22nd, which was Sunday, and as appellee Huff had to be out of town the next day, Monday, he went to the office of Ott & Smiley in Lexington and informed them he was there ready, able and willing to carry out the contract by paying that part of the purchase price due under the contract and by assuming the payment of the purchase money notes mentioned therein, and accepting a deed for the property, with the possession. The agents informed Huff that they had made repeated efforts to induce appellants Brownings to prepare the deed and abstract to pass the title but had been unable to get them to act. Whereupon Huff informed the real estate agents that he wanted to close the matter that day, Saturday, August 21st, or not at all. The agents being unable to induce the Brownings to comply with the terms of the contract on that day, Huff went away and did not see or hear from appellant Browning until Wednesday of the following week, when an unsigned deed for the property was presented to him with the statement that the Brownings were ready and willing to carry out the contract. Huff accepted a copy of the deed but informed the agent of Browning that he would not carry out the contract by taking the property and paying the money, as the time had expired and he was not bound to do so. He demanded a return of the $1,000.00 earnest money, but this was refused, and this suit resulted.

Appellants insist that appellees were not released from the performance of the contract by the failure of appellants to present the deed and give possession of the property within the sixty days stipulated, while appellees undertake to refute by showing that time was of the

essence of the contract, and appellants, by their failure to present the deed and offer the possession of the property within the sixty days, abandoned the contract and thereby released appellees from performance. We have many texts as well as a great number of cases decided by courts of last resort throughout the country in which the rule as to when time is of the essence of a contract is stated, but there is very great difficulty in this case, as in most cases, of applying the rule to the facts. 39 Cyc. 1337; 13 C. J. 686, 687; 6 R. C. L., pp. 898 and 899.

"If a time for performance is specified and time is of the essence of the contract, a strict performance in point of time is necessary, unless waived; but if time is not of the essence of the contract a strict performance is not ordinarily regarded as essential, it being sufficient if the performance is within what is under the circumstances a reasonable time of the date stipulated." 39 Cyc. 1326.

In this case we are reasonably certain from all the evidence that the Huffs would not have contracted for the property but for the agreement and understanding that they were to have possession of it within sixty days after the making of the contract, it being their purpose to make it a home and to move into it immediately. The hope which appellees had that they would obtain possession of the house within sixty days moved them to enter into the contract and but for this hope and expectation, based upon the terms of the contract, they would not have obligated themselves to take the property and to pay the price. Clearly time, under circumstances like these, is and must be regarded as of the essence of the contract because it is one of the things that moves and induces the contracting parties to enter into the arrangement and but for which the contract would not have been made.

The construction of contracts with regard to the time of performance is the same in equity as at law, but in cases of mere delay of performance, a court of equity will not generally relieve against the legal consequences, but decree specific performance upon equitable terms notwithstanding the delay, if the matter of the contract admits of that form or remedy. In such cases it is said that in equity time is not considered to be of the essence of the contract. Ordinarily time is not of the essence of

the contract, but it may be made so by express stipulations of the parties. Brown v. Trust Co., 128 U. S. 403; or, it may be so by implication, because of the nature of the property involved. Waterman v. Bank, 144 U. S. 394; or because of the avowed object of the seller or purchaser. Cheney v. Libby, 134 U. S. 68; Waterman v. Banks, *supra;* or, from the nature of the contract itself, or by one party giving the other notice that performance must be made within a certain reasonable time fixed in the notice. Kirby v. Harrison, 2 Ohio St. 326; 59 Am. Dec. 677.

While equity presumes the time of performance named in the contract is not essential, unless so stated therein, yet this presumption may be refuted by parol evidence, which is always admissible to show that time was intended to be of the essence of the contract. Thurston v. Arnold, 43 Iowa 43. So the tendency of modern authority at law as well as in equity is to regard the question as one of construction to be determined by the intent of the parties, and to hold that time is not ordinarily of the essence of the contract unless made so by express stipulation; or, unless there is something connected with the purpose of the contract and the circumstances surrounding it which make it apparent that the parties intended that the contract must be performed at or within the time named. 13 C. J. 687. In the case of St. Louis, etc., Ry. Co. v. Rierson, 38 Kan. 359, it was held that where one obtained judgment against a railroad company for damages for failure to erect a cattle guard and plaintiff agreed to accept less than the amount of the judgment if it should be paid and the defect remedied within thirty (30) days, time was an important element of the agreement; and the thirty (30) days having elapsed without performance plaintiff could enforce the whole amount of his judgment.

It is generally held that parol evidence is admissible to show that at the time of the making of the contract, time was understood and considered to be of the essence of the contract, and in support of this rule is cited the case of Nokes v. Lord Kelmorey, 50 Am. Dec. 600. And going further, it is said a new agreement between the parties extending the time is evidence that, at the time of the making of the original contract, time was regarded as of its essence. Wisswall v. McGowan, 2 Bark 270.

A great number of authorities are collected under a paragraph in the notes on page 241 of vol. 12, L. R. A., which reads:

"Time is of the essence of the contract when it is material that it should be performed at the time, or when the contract by express stipulations makes it of the essence and releases the other party upon failure to comply with the time"

Time will be held to be of the essence when, from the nature of the subject matter, or the object of the parties, the time of performance was intended to be such. King v. Ruckman, 20 N. J., Equity, 354. See also the text of 6 R. C. L., pages 898 and 899.

It can hardly be doubted that the appellees Huff and wife who, when negotiating for the house and lot in question, required a stipulation as to time when possession would be given by appellants and notified the appellants, Browning and wife, that they wanted possession as soon as possible within that time and indicated they expected to use the place for a home and to move into it at the very earliest moment when the possession could be obtained, and in the contract stipulated that appellees were to give possession within sixty days; that appellants Brownings understood that the early promise of possession of the house was an inducing cause of the deal, and that it is reasonably certain that appellees would not have purchased the property but for the expectation of obtaining possession within sixty days; nor can we believe that appellants, Browning and wife, did not realize that appellees would not have entered into the contract with appellants but for the latters' promise to give them possession of the house within the time limited. In such case time is of the essence of the contract, whether so stipulated or not; and when the facts are alleged and proven time will be held to be of the essence of the contract, and a failure to comply with the terms of the contract within the time limited makes it optional with the other party as to whether he will carry out the contract.

The equities appear to be upon the side of appellees, Huff and wife, and the chancellor did not err in decreeing a recovery of the $1,000.00, earnest money, and in denying the specific performance of the contract.

Judgment affirmed. Whole court sitting.