No. 30, 015.

CLARENCE N. STALLARD et al., *Appellants* and *Appellees*, v. CLAUDE STALLARD, *Appellee* and *Appellant*.

(300 Pac. 1096.)

Opinion filed July 3, 1931.

*J. B. Wilson,* of Lawrence, for the appellants.

*C. C. Stewart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to have a warranty deed declared a mortgage. Judgment was entered denying the relief, but withholding from defendant some relief prayed for in his answer. Both parties appeal.

The petition alleged that Clarence Stallard had borrowed $1,900 from Claude Stallard. It alleged further that Clarence and his wife had given Claude a warranty deed to the real estate in question to secure the payment of this loan. The petition then alleged that Claude was asserting absolute title to the land. Plaintiffs prayed that the deed be reformed to speak the agreement of the parties and that it be treated as a mortgage, and that Claude Stallard be enjoined from disturbing Clarence Stallard and wife in their use and possession of the property.

Claude Stallard in his amended answer alleged that Clarence Stallard had been in serious trouble—that he had been in need of money; Clarence Stallard had met with Claude Stallard, T. W. Stallard, H. M. Stallard and M. L. Stallard, all being his brothers, and with Mrs. Caroline Stallard, their mother, and with Inez Stallard, their sister; that it was agreed that all the parties named would raise and pay to Clarence Stallard the $1,900 he needed, and that Clarence Stallard would proceed at once to sell the real estate in question and pay all of said brothers and sisters for the money so advanced. It alleged that it was arranged that Clarence Stallard and wife should convey the land in question to Claude Stallard, since he was a single man and could the more easily convey to a purchaser. The answer alleged that Clarence had retained possession of the land and that a purchaser had been found ready and willing to purchase it at a fair price, but that Clarence had said it was not for sale and drove him from the place. It was also alleged that Clarence Stallard had refused to pay the interest upon the mortgage which was on the place and had failed to pay the taxes for 1929.

The answer prayed that the court find that he held the property as trustee for his brothers and mother; that he is entitled to the immediate possession thereof; that he be ordered to sell it at once and out of the proceeds thereof pay the indebtedness contracted by him and his mother and brothers.

Trial was to the court. Findings of fact and conclusions of law were made as follows:

"The plaintiff, Clarence Stallard, was on November 3, 1929, a resident of Douglas county, Kansas, resided on a farm in that county, and was treasurer of a school district. The title to the farm on which he resided stood in his name, and was encumbered with a sixteen-hundred-dollar mortgage.

"He became involved in his accounts with the school district, and used the money which was intrusted to his care as treasurer for other than school-district purposes. The school-district fund was being drawn upon by the district, and he needed money with which to meet the checks which would be presented against his account.

"In this situation, he visited his mother, and endeavored to secure from her the funds with which to cover his delinquencies. Later he appealed to his four brothers, Matt Stallard, Tom Stallard, Hobart Stallard and Claude Stallard, and mother, Mrs. Caroline Stallard. He visited his mother first in regard to the matter, about November 3, 1929, and from then on until about November 15, 1930, he was in consultation with her and his brothers.

"As the outcome and result of the several interviews Clarence Stallard had with his brothers and mother, individually and collectively, they agreed to se-

cure for him enough money to cover his shortages in the school account and to pay the interest due on the mortgage and other obligations. The plaintiff on his part agreed to execute a deed to the farm; to resign his position as treasurer of the school board; to pay the taxes due upon the farm and interest on the mortgage; to put up a 'For Sale' sign on the premises, and do.what he could to assist them to sell the farm at as early a date as possible, in order that they might repay the obligations which they had incurred at the bank. It was mutually agreed between the plaintiff, Clarence Stallard, and his brothers and mother that the farm should be sold immediately; that they be reimbursed for the money which they gave to him, with interest, and that if there were any excess, it should be turned over to him.

"Carrying out their part of the agreement, the brothers and mother borrowed $1,900 .from a bank at Perry, Kan., for a period of six months, with interest at the rate of eight per cent, and they turned over to the plaintiff, Clarence Stallard, $1,900.

"The plaintiffs, on November 14, 1929, executed their general warranty deed to the farm referred to, the grantee therein being the defendant, Claude Stallard, he having been selected to receive the title, as it would make possible the conveyance of the farm on the sale thereof, with the least possible number of signatures, he being an unmarried man. The execution of the deed is the only part of the agreement which the plaintiff had with his brothers and mother which he has carried out.

"At the time that the deed referred to was executed by the plaintiff they were in possession of the farm and continued to occupy the farm thereafter. The evidence fails to disclose any understanding or agreement by which they were to leave the farm at any particular date."

"Conclusions of Law.

"1. The plaintiffs are not entitled to relief sought for in their petition.

"2. The defendant, Claude Stallard, may at any time execute and deliver to a purchaser a good and valid deed to the farm in question which will entitle such purchaser to the immediate possession of the farm.

"3. On the sale of the farm the plaintiff, Clarence Stallard, would be entitled to receive any excess over a sum which reimburses his brothers for the money which they gave to him, together with the interest which they may be required to pay and other necessary expenses incident to the sale of the farm."

The evidence was not included in the record that was brought to this court.

Appellant, Clarence Stallard, complains because the court below found as a matter of fact that the deed in question was not given to secure a debt. This court has held many times that where a deed absolute on its face was given to secure a debt that it would be reformed so as to make it in fact a mortgage. The trouble with applying that rule to the case at bar, however, is that the court has found as a matter of fact that the deed in this case was not given to

secure a debt. Since this finding was made on conflicting evidence, in keeping with the rule announced many times that this court will not weigh evidence, the finding will not be disturbed. Much more so is that true in the present situation when the evidence is not brought here in the abstract.

Appellant, Clarence Stallard, urges that the answer of Claude Stallard sets out an attempt to create a trust in real estate by parol. He argues that this cannot be done and cites R. S. 67-210, R. S. 67-401, and *Gee v. Thrailkill*, 45 Kan. 173, 25 Pac. 558. We conclude that it is not necessary to decide that question in this case. The answer of defendant, Claude Stallard, instead of seeking to create a trust in real estate, is an admission that he does so hold it. The question of whether it is a trust or not will have to be determined if Claude Stallard ever refuses to sell the land in question and pay his mother and brothers their share. That does not concern us now.

Appellant, Clarence Stallard, complains because his motion to strike the allegation about his financial straits from the answer of Claude Stallard was denied. This matter was placed in the answer so that the court might obtain a complete picture of the entire transaction. It appears to us that it was proper to include it in the answer. Certainly it was not prejudicial. The complaint as to the admission of evidence to sustain the allegations is held not good for the same reason.

Claude Stallard also appeals. He complains that since the court held that the deed was absolute, and not a mortgage, he should have been put into immediate possession. In this contention we have concluded that he is correct. The right to possession follows fee-simple title to real property, unless there is a contract or relationship of some kind that provides otherwise. This was decided as early as *Sellers v. Crossan*, 52 Kan. 570, 35 Pac. 205. See, also, *McNeil v. Jordan*, 28 Kan. 7, 23 Pac. 757, 28 A. L. R. 1065.

Here there are no relationships or contracts which operate to prevent the deed in question from Clarence Stallard and wife to Claude Stallard from carrying possession with it. Rather is the reverse true. All the surrounding facts and circumstances dictate that Claude Stallard should be put into possession. The original contract was that the land should be sold at once. That can be done only with very great difficulty as long as a man unfriendly to those seeking to sell it is in possession.

It follows from what has been said that the judgment of the district court, refusing to reform the deed, is affirmed and that part of the judgment attacked by cross appeal, refusing to put Claude Stallard into possession of the real estate in question, is reversed.

HARVEY, J., dissents as to syllabus 2 and the corresponding portion of the opinion.