## CALLICOTT v. HORN.

(Division A. June 9, 1931.)

[135 So. 215. No. 28923.]

(Division A. Oct. 10, 1931.)

[137 So. 190. No. 28923.]

Maynard, FitzGerald & Venable, of Clarksdale, for appellant.

398

**Cutrer & Smith,** of Clarksdale, for appellee.

Argued orally by **Ed Smith** for appellee.

**McGowen, J.,** delivered the opinion of the court on petition for revivor.

On a former day of this term, March 30, 1931, this court rendered its opinion herein and entered its judgment reversing the cause and rendering a decree here for the appellant. 133 So. 217. Thereafter, on April 30, 1931, the appellee, through his counsel, filed a suggestion of error which has since that date been pending here. On May 6, 1931, counsel for the appellee filed a petition for revivor, in which it is made known to the court that Paulus Horn, the appellee, died on the 27th day of March, 1931, and was dead on the date of the rendition of the judgment herein. The judgment heretofore rendered will therefore be vacated, the former opinion withdrawn, and this cause will be revived in the name of the petitioners, legal representatives and heirs at law of Paulus Horn, deceased, and the cause will be remanded to the docket and set for hearing on the first call of Division A in September, 1931, to which term and date this cause is continued.

Counsel for Mrs. Callicott may, if they see proper, answer the brief on suggestion of error now on file.

Chapman v. White Sewing Machine Co., 77 Miss. 890, 28 So. 749, is authority for the procedure herein outlined.

Former decree vacated, and cause ordered revived in the name of the petitioners.

**Smith, C. J.,** delivered the opinion of the court.

Horn sued Callicott for the specific performance of a contract by which Callicott agreed to purchase from him certain land. Callicott died while the suit was pending, and the suit was revived in the name of his widow, who had qualified as the administratrix of his estate. Callicott made his answer a cross-bill, and prayed for a decree awarding him a judgment for one thousand dollars earnest money paid Horn. There was a decree

for Horn in accordance with the prayer of his bill of complaint.

That decree was reversed at the last term of this court, and a final decree was rendered here denying Horn the relief prayed for and awarding the administratrix a judgment for the one thousand dollars earnest money paid Horn by Callicott. 133 So. 217. While a suggestion of error therein was pending, it was ascertained by counsel and made known to the court that Horn had died a few days prior to the rendition of the judgment here. That judgment was thereupon vacated (135 So. 215), the case was remanded to the docket, revived in the name of Horn's administrator, and reargued by counsel.

After mature consideration, we feel constrained to adhere to our former opinion, after eliminating one of the grounds thereof, the decision of which in the appellee's favor would not entitle him to an affirmance of the decree, and which we think it best to not now decide. The former opinion will be withdrawn, but the case will be stated and disposed of in the language thereof, except in so far as it is necessary to vary the same in order to eliminate the first of the three grounds on which the decision was then based, and to respond to after argument of counsel.

On January 6, 1920, a written agreement was entered into between Callicott and Horn, by which Horn agreed to sell, and Callicott to buy, certain lands in Bolivar county, Mississippi, for the sum of forty thousand dollars of which one thousand dollars was paid by Callicott when the contract was signed, the remainder to be paid as follows: five thousand dollars in cash upon delivery of deed to, and abstract of title of, the land; and five thousand dollars annually thereafter, beginning on the 1st day of January, 1921. The contract stipulates that "possession is to be delivered upon delivery of deed and abstract, subject however to the present rent contract

of C. C. Stanley for the years 1920 and 1921.'' The one thousand dollars paid Horn was to be refunded by him in the event the sale of the land was not consummated.

When this contract was executed, a suit, of which the parties to the contract were not aware, had been begun in the chancery court of Bolivar county against Horn by Irvin, challenging his title to the land; and because thereof Horn was unable to comply with his contract to sell to Callicott.

A short while thereafter Horn and Callicott agreed that the execution of the contract might await the termination of this suit, both of them being of the impression that it could be brought to an end in the succeeding summer or early fall. The suit remained undisposed of until some time in January, 1921, and a deed to and an abstract of title of the land were tendered by Horn to Callicott in February thereafter.

In the meantime, land in Bolivar and surrounding counties had suddenly, rapidly, and very materially declined in value, so that, when the deed to this land was tendered to Callicott, it was worth very much less than when he contracted to purchase it. Callicott intended to resell the land, and could have sold it at a reasonable profit, had he obtained title thereto prior to January 1, 1921. When the deed was tendered to Callicott, Horn had leased the land to another for the years 1921 and 1922, without Callicott's consent.

The contract of purchase provides that ''the parties of the first part agree to furnish to the party of the second part, a complete certified abstract showing good and merchantable title to said land, and agree to make or cause to be made and delivered, a good and sufficient warranty deed conveying said property in fee simple to the party of the second part, or his assigns.''

One of the appellant's contentions is that the appellee should have introduced, but did not introduce, evidence disclosing his title to the land. One of the appel-

lee's contentions in this connection is that it was not necessary for him to prove that he had title to the land, for the reason that the appellant agreed to accept his warranty deed thereto when furnished with a "complete certified abstract showing good and merchantable title to said land."

The decision of that question, as hereinbefore stated, will be pretermitted and no opinion whatever expressed thereon.

Stanley, to whom the land had been leased by Horn for the years 1920 and 1921, was under contract to pay an annual rental of two thousand three hundred sixty-seven dollars therefor. He abandoned the land, and without Callicott's consent, and before Horn tendered him the deed to the land, Horn leased it for the year 1921 to Day for a rental of one thousand three hundred fifty dollars. Afterwards Horn again leased the land without Callicott's consent to Day, in 1922, for a rental of one thousand five hundred dollars. Day testified that his lease was subject to this contract of sale, though exactly what he meant thereby does not appear, nor does it appear that Horn could have delivered possession of the land to Callicott free from this lease. One of the contentions of counsel for the appellee in this connection is that the stipulation of the contract hereinbefore set out as to the delivery of possession of the land by Horn to Callicott means "that delivery which is to be effected by the attornment of a tenant." Callicott's obligation was to accept a deed to the land, though under a lease to Stanley for a stipulated rental. He was under no obligation to accept the deed when the land was leased to a tenant other than Stanley at a lesser rental.

The appellee being unable to deliver such possession of the land along with the deed thereto, as his contract required, Callicott was under no obligation to accept it, and Horn was without the right to a decree for a specific performance of the contract. Thurman v. Pointer,

67 Miss. 297, 7 So. 215; Hester v. Hooker, 7 Smedes & M. 768.

A vendor of land is entitled or not to the specific performance of his contract of sale according to the circumstances of the case, Liddell v. Sims, 9 Smedes & M. 597; and one circumstance which bars his right thereto is an unreasonable delay on his part to comply with his contract, during which the land had so materially decreased in value as to render it inequitable to force the vendee to accept it. 36 Cyc. 726; Liddell v. Sims, 9 Smedes & M. 596; Young's Adm'r v. Rathbone, 16 N. J. Eq. 224, 84 Am. Dec. 151; Bryan v. Lofftus' Adm'rs, 1 Rob. (40 Va.) 12, 39 Am. Dec. 242; Brashier v. Gratz, 6 Wheat. 528, 5 L. Ed. 322; Holgate v. Eaton, 116 U. S. 33, 6 S. Ct. 224, 29 L. Ed. 538. Callicott was without fault in the delay here, and, as hereinbefore set forth, was materially prejudiced thereby, and therefore it would be inequitable to force his administratrix to accept and pay for the land.

The court below should have declined to grant the relief prayed for by Horn.

This brings us to the prayer of the cross-bill for a judgment against the appellee for the one thousand dollars earnest money paid by Callicott. One of the appellee's contentions in this connection is that, if he is not entitled to a decree for specific performance, he would be entitled to a judgment at law against the appellant for damages, because of Callicott's refusal to accept the deed to the land, and therefore no judgment for the earnest money should be here rendered. Leaving out of view the second ground on which the decree of the court below is reversed, the first ground thereof, i. e., the inability of Horn to deliver possession of the land to the appellant when the deed thereto was tendered, relieved Callicott of any obligation to accept the land, and prevents the appellee from obtaining either a decree for the specific performance of the contract or a judg-

ment for damages against the appellant because of Callicott's failure to accept the deed. The court below should have awarded the appellant a recovery of the one thousand dollars earnest money, with interest thereon at the rate of six per cent per annum from the filing of the cross-bill.

Reversed, and decree here for the appellant in accordance with the prayer of the cross-bill.

Reversed, and decree here for the appellant.