**METZLER et al. v. IACONE et al.**

**No. 543.**

Municipal Court of Appeals for the District of Columbia.

Sept. 30, 1947.

Harry L. Ryan, Jr., of Washington, D. C., for appellants.

M. M. Doyle, of Washington, D. C. (S. A. Mickler, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was an action to recover a $1,000 deposit on the purchase of real estate. The sales contract recited that the property was subject to no existing tenancy. It also contained the following provision: "Seller agrees to give possession at time of settlement. If seller shall fail so to do and occupies said property, seller shall become and be thereafter a tenant at sufferance of the purchaser, and hereby expressly waives all notice to quit provided by law."

When the parties met for settlement at the title company it developed (or so the trial judge found on conflicting evidence) that the sellers were not prepared to surrender possession to the purchasers, and they asked for a 10-day delay. Purchasers refused to agree to any extension and left the title company office. Sellers declared the deposit forfeited on the ground that purchasers had breached their contract. The purchasers then brought this suit, naming as defendants Metzler, the broker, together with Mr. and Mrs. Broche, the owners. The trial judge found that on the day of settlement the defendant was not ready to surrender possession of the premises and requested a 10-day delay; that plaintiffs refused any extension and demanded possession as of that date; that at the time of settlement defendant did not tender possession by surrendering the key but turned the key over to the title company after the plaintiff had left, and also attempted to execute a deed after plaintiffs had left. He found that the contract had been breached by Broche and that plaintiffs were entitled to the return of their deposit. He ordered judgment against all defendants and all of them are here prosecuting this appeal.

1. Appellants say it was error to hold that they were unable to give possession on the date of settlement. The evidence was conflicting as to what was said and done at the title company and we can-

not say that the trial judge was in error in accepting purchasers' version as against that of the sellers.

■ 2. Appellants say that the trial court erred in holding that "possession at the time of purchase was requisite," and in holding that the purchasers were legally justified in refusing to complete the purchase, because of the vendors' failure to yield possession. Appellants contend that the provision in the contract calling for possession at time of settlement did not require them to yield more than constructive possession. To this we cannot agree. We hold that in the absence of a contrary intention expressed in the contract, or of some special relationship between the parties, actual possession must be yielded up at the time of making the deed. Here all the parties knew that the property was being bought for use as a residence and hence that time of delivery of possession was of the essence of the transaction. Failure to yield actual possession was a breach by the vendors and such breach is not mended or minimized by an offer of constructive possession. Generally supporting our view of the matter are American-Italian Building & Loan Ass'n of Elizabeth, N. J. v. Liotta et al., 117 N.J.L. 467, 189 A. 118, 108 A.L.R. 1346; Eisler v. Halperin, 89 N. J.L. 278, 98 A. 245; Stallard v. Stallard, 133 Kan. 512, 300 P. 1096; Callicott v. Horn, 161 Miss. 395, 135 So. 215, 137 So. 190; Browing v. Huff, 204 Ky. 13, 263 S. W. 661.

■ Appellants argue that even if a breach can be charged to them the contract gives the purchasers only one remedy: to accept title and sue for possession. We think otherwise. It is true that the contract contains the clause we have quoted above, which makes the sellers tenants at sufferance if they fail to give possession, and as such subject to a summary action for possession, without putting the purchaser to the necessity of resorting to the slower and more cumbersome remedy of ejectment.[1] But that clause only prescribes the remedy which would have become available to the purchasers if they had chosen to accept title. It does not affect the purchasers' basic right to refuse to accept title upon the vendors' breach, and to rescind the contract. And we hold that under the circumstances here present, the purchasers were entirely within their rights in electing to rescind.

■ 3. The last contention advanced by appellants Broche has more merit. They say that because the uncontradicted evidence showed that the deposit money in its entirety was being held by the broker Metzler and had never been turned over to them, there should have been no judgment against them. With this contention we agree. We do not overlook the general principle that one dealing with an agent who has disclosed his principal must look to the principal for his recovery. However, we are here dealing not with generalities but with a special set of circumstances. Here the agent at all times retained control of the fund in litigation and surrendered no part of it to the principals. He had it when the sales contract was signed; he had it when the settlement was being attempted; he had it when the deal collapsed and the purchasers rescinded; he had it when the purchasers demanded their refund, and he has it now. The vendors have never had it, and indeed were not entitled to it, for the contract provided: "The entire deposit shall be held by Metzler, agent, until settlement hereunder is made or until deposit is forfeited."

The effect of this provision was to make the broker, so far as the deposit was concerned, an escrow agent.[2] He had no right to surrender the deposit or any part of it to the principal until one of the two named conditions occurred. Since settlement was never made, and since there was no valid forfeiture of the deposit, the broker was only doing his legal duty when he retained the deposit in its entirety. Under these circumstances the suing purchasers had a right to judgment against the broker and not the principals.[3] It was probably the part of wisdom for the plaintiffs to have

---

[1] See Willis v. Eastern Trust & Banking Co., 169 U.S. 295, 18 S.Ct. 347, 42 L.Ed. 752.

[2] Cf. Wittlin v. Giacalone, App.D.C., 154 F.2d 20.

[3] Pancoast v. Dinsmore, 105 Me. 471,

joined as defendants, as they did, the vendors as well as the broker. But on the basis of the evidence as it developed at the trial the judgment should have been against the broker only.

Affirmed as to appellant Metzler.

Reversed as to appellants Gustave Broche and Lena Broche.

75 A. 43, 134 Am.St.Rep. 582; McKeen v. Boothby, 129 Me. 324, 152 A. 53; Bell-Carns Realty Co. v. Drennen, 219 Ala. 450, 122 So. 424; Gosslin v. Martin, 56 Or. 281, 107 P. 957.