## ALLEN v. WALKER et al.

### No. 1255.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 25, 1952.

Decided Sept. 25, 1952.

H. Max Ammerman, Washington, D. C., with whom Edwin Shelton, Washington, D. C., was on the brief, for appellant.

P. Michael Cook, Washington, D. C., with whom Jeff Busby and Jeff Busby, Jr., Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant hereafter called the purchaser, agreed to buy from appellee Walker, hereafter called the seller, certain residence property. Appellant's purpose in buying the property was to use it as a home for herself and daughter and the contract contained the provision: "Possession with title or before at convenience of seller." On the agreed settlement date the parties met at the title company but the purchaser refused to pay the purchase money and accept a deed because, as she claimed, the seller did not, and could not, give immediate and actual possession. She then brought this action to recover a deposit of $1,000 which she had made at the time of signing the contract, naming as defendants the seller and appellee Kennedy, the broker in the transaction. The trial court sitting without a jury, held she was not entitled to recover the deposit and she has appealed.

The question before us is whether the trial court was in error in holding on the evidence that the purchaser was not justified in refusing to complete the sale and demanding the return of her deposit. The answer depends on whether the seller complied with that part of the contract which required, in effect, that possession be given the purchaser at the time title was transferred.

To support her claim that the seller was not prepared to deliver possession at settlement the purchaser testified that sometime before settlement the husband of the seller called her and said that "they would not give possession at any time," that on the day of settlement before going to the title company she went by the property and "it didn't seem vacant," that through a side window she could see curtains and chairs in the house. A friend, who accompanied her, testified that he also looked through the window and saw furniture in the house. She went to the title company with her lawyer who handed the seller a letter which stated:

" * * * An inspection of the property this morning reveals that the same is not vacant, but still occupied, and therefore you are unable to deliver possession at the time of settlement. In view of your failure to have possession available at the time of settlement in accordance with the contract Mrs. Allen hereby elects to rescind said

contract and hereby demands return of her deposit of $1000.00."

The purchaser further testified that her lawyer demanded possession and was told that the house was not vacant but possession would be given in a few days, and that she and her lawyer then left the title company.

The seller's evidence was that in preparation for settlement she had moved out of the house and taken all the furniture except draperies, a couple of pictures, a table and an old settee; that she left those articles in the house to give it the appearance of being occupied because in the neighborhood there had been considerable vandalism in unoccupied homes; that when asked at the title company if the house was vacant she told the purchaser there was some furniture there which would be moved out within an hour; that her sister stayed at the house on the day of the settlement in order that the moving man could get the balance of the furniture when he arrived, and that the furniture was moved out within an hour after she was at the title company; that she signed the deed at the title company and gave the key to the house to the settlement clerk.

We think it is clear under our decision in Metzler v. Iacone, D.C.Mun.App., 55 A.2d 81, 82, that the purchaser was entitled to receive actual possession at time of settlement. In that case we held that where the seller on the settlement date was unable to surrender possession and requested a ten day delay that the purchaser had the right to rescind the contract and was entitled to the return of his deposit. There we said:

"We hold that in the absence of a contrary intention expressed in the contract, or of some special relationship between the parties, actual possession must be yielded up at the time of making the deed. Here all the parties knew that the property was being bought for use as a residence and hence that time of delivery of possession was of the essence of the transaction. Failure to yield actual possession was a breach by the vendors and such breach is not mended or minimized by an offer of constructive possession." [1]

Viewing the evidence in this case in the light most favorable to the seller, as we must because of the general finding in her favor, the facts are fairly simple. At the agreed time for settlement the seller tendered a deed to the property and the key to the house. The house was then unoccupied in the sense that no one was living there and no one was there claiming right to possession. All furniture had been removed from the house except a few pieces which could be removed within one hour and which the seller promised would be removed within that time. In our opinion there was tendered to the purchaser actual and immediate possession. The purchaser could have accepted the key and gone immediately to the house and taken possession. There was no one there to dispute her right to possession and the few pieces of furniture would not have substantially interfered with her taking and exercising full right of possession.

This case is clearly distinguishable from the Metzler case. There at time of settlement the seller was living in the house. The purchaser was not tendered possession but was promised possession ten days hence. There is a vast difference between a house furnished and occupied and an unoccupied house with a few pieces of furniture in it.

In conclusion we may add that the precipitous action of the purchaser was more indicative of a desire to be relieved from the obligations of her contract than to secure performance of the contract. She went to the settlement armed with a letter from her lawyer announcing her election to rescind and demanding return of the deposit. At the title company, according to the settlement clerk, she "produced the checks, withdrew 'em, and dashed out." These actions at least suggest that the purchaser was more anxious to get back her deposit than to get possession of the house.

Affirmed.

1. See also Matthews v. Gaubler, La.App., 49 So.2d 774.