CONNOR & RYON, Inc., a corporation, and Grayce E. Scheuch, Appellants,

v.

Adele BOULAD, Appellee.

No. 1624.

Municipal Court of Appeals for the District of Columbia.

Argued April 25, 1955.

Decided May 24, 1955.

———————◆———————

Joseph G. Weeda, Washington, D. C., with whom Joseph Lapiana, Jr., Washington, D. C., on the brief, for appellants.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This case grew out of an attempt by a seller of real estate to forfeit a $1,000 deposit placed with a broker by the purchaser. The purchaser sued for the return of the deposit and for certain title company charges. The trial court gave judgment to plaintiff for $1,042 against the seller and the broker. Defendants have brought this appeal.

The principal dispute at the trial seemed to be whether seller was prepared to give possession at settlement time, and whether the purchaser really wanted to go through with the deal; in other words, the case presented the familiar issue as to who had breached the contract. There was also a dispute as to the condition of the roof and whether seller had denied purchaser an opportunity to inspect the roof. In verbal findings announced at the conclusion of the trial the judge ruled in favor of plaintiff on all issues.

Appellants contend that the trial court erred in ruling that the seller had failed to give possession as required by the contract of sale or in accordance with a letter of instructions sent by purchaser to the title company. They also urge that the

letter should be interpreted as a waiver of the right to actual possession and as a willingness to accept constructive possession.

Several years ago we ruled that where a contract for sale of realty required vendors to give possession at time of settlement, failure to yield actual possession was a breach by vendors, and that "such breach is not mended or minimized by an offer of constructive possession." Metzler v. Iacone, D.C.Mun.App., 55 A.2d 81, 82. On the record before us we cannot say that the trial court departed from those basic principles or made any rulings not in harmony with the law as we there stated it. There was evidence justifying the ruling that seller was not prepared to give actual possession on the settlement date. There was testimony, only partially contradicted, that a substantial amount of seller's belongings were still in the house; that these belongings consisted of living room furniture, kitchen equipment, a deep freeze, two lamps, several rugs, and twenty-five to thirty large packing boxes. It was also testified that on the settlement day the purchaser was ready to complete the deal, appeared at the title company with a deed of trust and sufficient cash to make up the complete purchase price, and left when, as they claimed, it became apparent that they would not be able to obtain possession. There is no occasion for a more detailed analysis of the testimony in its conflicting aspects. It is enough to say that the trial court was not required to adopt the seller's version and had sound support in the evidence for the ruling denying the seller the right to a forfeiture.

Appellants cite Allen v. Walker, D.C.Mun.App., 91 A.2d 395, in which we affirmed a judgment of the trial court denying the purchaser's claim for refund of a deposit. There the vendor tendered a deed and key to the house, from which all furniture had been removed except a few pieces which could have been removed and were promised to be removed within an hour.[1]

There are many points of difference between the case at bar and Allen v. Walker, supra. Not the least of these are the showings that the seller needed more time to obtain possession of another house she was building, the substantial amount of furniture and other belongings she left in the house, and the testimony that the purchaser was ready to proceed with the deal. The ultimate question is whether there was evidence to support the finding that it was the seller who committed the breach. We think there was such evidence.

We turn to the contention that there was a waiver of the right to actual possession. Vendee's letter of instruction to the title company read in part: "You are hereby authorized to use this money and note to complete the settlement provided the seller delivers the key to the premises not later than P. M. 3:30 to-day, thereby delivering possession to the said premises." We think the quoted language does not admit of the construction that mere delivery of the key was to be a substitute for actual possession. Nothing in the contract of sale justifies that view, nor was there evidence that such an understanding had been reached between the parties. Hence it is proper to say, as we did in the Metzler case, that actual possession should have been yielded up at the time of settlement, that seller's failure in that respect constituted a breach, and that the trial judge was justified in ordering return of the deposit.

What we have said makes it unnecessary to discuss the dispute as to whether the roof was in need of repairs, or whether the only repairs necessary were minor repairs to a downspout. On this as on the pivotal features of the case the testimony was in conflict and the judge committed no error of law in resolving that conflict in favor of plaintiff.

Affirmed.

1. A similar claim was made in this case; but obviously the trial judge was not required to accept it.